PETER YOSS, Appellant, *vs.* FREDERICK DE FREUDENRICH, *et al.*, Respondents.

A complaint, setting forth that the Plaintiff had executed, acknowledged and delivered to the obligee, a bond conditioned for the conveyance of certain real estate therein specified, upon being paid a certain amount of money, that said bond had been duly recorded, that default had been made by the obligee in making payment according to the terms of the contract, alleging that the obligor had performed on his part all that was required by the terms of the contract, and tendering the deed in Court and asking that the Defendant be required to pay the balance due and accept the deed, at or before a time certain to be fixed by the Court, or in default thereof, that the bond be delivered up to be cancelled, and the Defendant thereafter be barred of all right, title and interest in and to the premises, states a good cause of action.

An answer to such complaint, admitting the default, and stating that the property at the time of the purchase was worth the agreed price, but had since greatly depreciated in value, that the Defendant was desirous of redeeming the property, and paying the amount due, but that by reason of the great depreciation of the value of said property and the great difficulty that exists, in raising moneys and securities in this state, and by reason of the stringency of the times since the payment became due, he could not at this time, nor within a short time raise sufficient moneys to pay off the balance due, and that if an early day is fixed for the foreclosure of his equity of redemption in said property, it will be impossible for him to make such redemption, and he will wholly lose the property, constitutes no defence to the action.

In considering the relief to which the Plaintiff is entitled, regard may properly be had, to the amount agreed to be paid by the Defendant for the land which he contracted to purchase, the amount which he has actually paid, and the time which has elapsed since forfeiture. Where the amount of the purchase money is considerable, and the Defendant has paid the larger portion of the same, it is equitable that he should have more time granted to save an entire loss of the land or sum paid than where he has advanced but a small part of the agreed price.

The complaint stated that on the 13th April, 1857, the Plaintiff was seized and possessed of certain real estate, de-

scribing it. That on that day he bargained the said real estate to the Defendant Frederick, and gave to said Frederick a bond, in the penal sum of $13,000, conditioned to deed to the said Frederick the said premises, upon the payment by the said Frederick, or his assigns, of the sum of $6,400, by instalments, to wit: $900 cash; $1,100, July 1st, 1857; $2,000, February 1st, 1858; and $2,500, April 13th, 1859, according to the conditions of three notes made by said Frederick. That after the making of said bond, the said Defendant Frederick, by the license and permission of the Plaintiff, went into possession of the said real estate. That on the 23d October, 1857, the Defendant Frederick, by an instrument in writing, duly assigned his interest under said bond to the Defendant Edmund; the bond and assignment both being duly recorded about the time of their execution. The complaint then states that neither of the Defendants have paid the last instalment of the $6,400, according to the terms of the third promissory note, either at the time it became due, or since. That on the due date of the said third note, and ever since, Plaintiff has been ready and willing to execute to the Defendants, or either of them, a deed upon being paid the amount due by said last note, and is still ready and willing so to deed, and now brings the deed into Court, to be delivered to the Defendants, upon their compliance with the terms of said note. That the Defendants refuse, and have refused to comply with the said conditions. The complaint then demands that the Defendants may be decreed to pay the amount of said note by a day certain, or to be barred of all interest or estate in the said premises.

The material portions of the Defendant's answer are set out in the opinion of the Court.

The Plaintiff demurred to the answer, upon the ground that it did not state or set forth facts sufficient to constitute a defence to the cause of action.

The following decision was filed in the Court below:

The answer does not state facts sufficient to constitute a defence, as that term is generally understood and used in plead-

ing under the Code.  That is, there are no facts stated which either can or are claimed to  defeat the Plaintiff's cause of action.  But the facts set forth in the answer (some of them at least,) are such as the Court should know  before rendering judgment, and which may affect or modify the judgment to be rendered.  They are  matters which in a Court of Equity, bear upon the Plaintiff's present right to a final decree, and may thus be said to constitute an equitable defence, not to the cause of action, but to the particular relief sought.

The Plaintiff has an undoubted right, for aught that appears in the answer, to commence an action to foreclose the equitable interest of the Defendants in the premises described in the bond.  But he asks that it be done now, and without allowing said Defendants any time for redemption.  The case is analogous to a strict foreclosure.  If the Defendants had not appeared, the prayer for relief must be granted; but they appear and set up facts which may induce the Court to refuse the relief sought at this time, and decline to render a final decree until a future day.  Possibly, too, it may be considered equitable to order a sale of the premises, upon such terms and conditions as will best secure the interests and rights of all parties.

I cannot see any valid objections to allowing Defendants, situated as they seem to be, to set up proper facts, by way of answer, rather than by affidavit, petition, cross bill or otherwise, on or pending the application for judgment by the Plaintiff.  If such facts are material, and not admitted, issue can be joined by a reply.  If they ought not to be considered at all in the action, a motion for  judgment on the pleadings would enable the Plaintiff to obtain his relief, and at once, without prejudice.  If material and immaterial facts were set up, a motion to strike out would be effectual, and in either case, a speedy decision would be reached.

Without holding that the Defendants are entitled to all the relief prayed for in their answer, it appears to me that some facts are stated which ought to be taken into consideration by the Court before rendering a final decree—facts which may be held to constitute a defence to the kind of relief demanded in the complaint, especially as regards the time when it

shall be granted.   The demurrer is overruled, without preju-
dice to the right of the Plaintiff to move upon the pleadings,
either for judgment, or to strike out portions of the answer,
or for a reference, or for such other relief as he may deem he
is entitled to, including the usual time for reply.

Points and authorities of Appellant.

I.—The Court below erred in holding that an answer is
good which does not state facts sufficient to constitute a de-
fence.   The Court says that although there are no facts stated
which either can or are claimed to defeat the Plaintiff's cause
of action, yet some of the facts set forth in the answer are
such as the Court should know before rendering judgment,
and which may affect or modify the judgment to be render-
ed, and then overrules the demurrer, without prejudice to the
Plaintiff's right to move for judgment on the pleadings, or to
strike out, or reply.

It is difficult to perceive how an answer can be good and
entitle a Defendant to judgment on demurrer, which does not
contain facts sufficient to constitute a defence.   The answer,
under the Code, is analogous to a common law plea, and not
to an answer in Chancery.   The act of 1853 abolished Chan-
cery proceedings, and enacted that equitable remedies should
be sought in the form of civil action.   The Code prescribes
what the answer shall contain, *i.e.,*

1st.  A denial ;

2d.  A statement of any new matter constituting a defence,
or counter claim.  *Comp. Stats., p.* 541.  If the answer con-
tains neither the one nor the other of these, it cannot be
a good answer under the Code, and however desirable it may
be that certain facts should be presented to the Court, it is
clear that if they do not constitute a defence or counter claim
they do not constitute an answer.   In what other way they
should be presented, whether by affidavit or otherwise, is not
material at this time.   It is sufficient that they do not consti-
tute a defence, and therefore cannot be a good answer.   The
Court says we may move for judgment on the pleadings, or re-
ply.  What would be the difference between moving for judg-

ment on the pleadings and this demurrer ?    Both the motion and demurrer would admit only such facts as were well pleaded, and which, if true, would be a defence whole or partial ; and if the facts did not constitute a defence, a reply would, of course, raise only immaterial issues.    The ground taken by the Court below is, therefore, clearly untenable. Either the answer is good or bad—a defence or not a defence. It cannot be both good and bad.    A judgment on demurrer is for the Plaintiff or Defendant.    The order sustains or overrules the demurrer, consequently the judgment to be entered on this order would necessarily be a judgment for the Defendant.    On the decision of a demurrer one or the other party must necessarily be entitled to judgment ; and the logical legal sequence of the holding of the Court below, is, that the Defendants, having put in an answer which does not constitute a defence, are entitled to judgment.    We have only to remark that this view of the law will greatly facilitate the defence of actions.

II.—The answer does not constitute a defence.  The answer is thrown together in one mass, but we think it may be divided, and considered in the manner we have adopted in the statement of the case :

1st. The bond was given on a sale of the land, and was entered as a mortgage, and on this allegation is founded the prayer that the instrument be decreed a mortgage.

It will be remarked here that the answer does not pretend to allege any mistake or fraud, nor is it alleged that the bond is otherwise than as described in the complaint, but, on the contrary, expressly admits it, and adds, that although a bond, such as we have described, it was intended to operate as a mortgage.  We submit that it is not competent for the Defendants to set up any such intent.    They have chosen a certain legal instrument to carry out their intentions, and they are conclusively presumed to have intended whatever is the legal effect of such an instrument.    *Hunt vs. Ronsmaniere*, 1 *Peters*, 1 ; 7 *Curtis* 419.

III.—The second defensive proposition of the answer consists in the allegation, that at the time of the bargain, $6,500 was agreed upon as the actual value, and was the actual value

of the property.    We have only to say that an agreed valuation is generally an element of a bargain, or it would be somewhat difficult to make a bargain.

IV.—The third defence is that real estate generally has depreciated in value since the date of this bargain, and this particular real estate has depreciated from $6,500 to $4,000. Suppose it had depreciated to $10,000, and Defendants had brought this suit to compel Plaintiff to convey, would not the defence be equally good?

V.—That the Plaintiff entered upon the premises May 15, 1861, and has since remained in possession, and on this Defendants found their modest demand to be put back in possession.    Even had this instrument been a mortgage, after Default Plaintiff would have had the right to enter, provided he did not do it forcibly, so as to subject himself to a writ of forcible entry.    The New York Statute is the same as ours.

"If," says Denio, J., in *Bell vs. Ulman*, 18*th New York R.*, 142, "the mortgagee obtains possession, without force, he is entitled, as well since as before the Statute, to hold it as against the mortgagor, and cites 14 *Wend.*, 233; 15 *Wend.*, 248; 20 *Wend.*, 260; 24 *Wend.*, 164; 2 *Sand*, *S. C. R.*, 325, *Casey vs. Bultoph*, 12 *Barb.*, 637.    Now there is no pretence in the answer of any forcible entry.    It sets up that Plaintiff entered, and says it was wrongful and unlawful, because, without their permission.    Much less is such an allegation any defence to this action, where the instrument is a bond.

VI.—The next phase of the answer is that Defendant Edmund wants to redeem, but is, from want of means, unable to do so, and the property is so depreciated that he cannot raise money on it; but he thinks if the Court will make a new contract with him, giving him several years more time, he thinks he may grow richer, or the land more valuable, and he be able to raise money on it, &c.    When he bought the land he doubtless thought it would increase in value ; but it decreased.    Suppose it should continue to decrease, how would his ability be then.    It is humiliating that courts should be compelled to adjudicate upon such positions.

VII.—The property, say the Defendants, is ample security for all sums due, or to grow due on the note, for three years

to come. Another prophecy, and from hitherto false prophets. If it be such good security, let the Defendants borrow the money on it, fulfil their contract, obtain the title which we offer, and secure their loan on the land. Aside from its immateriality, if true, how absurd for the Defendants to talk about the sufficiency of the property as security, when their whole idea of defence is founded on the hard times, and their inability to raise the money on the property or otherwise.

Points and authorities of Respondent.

I.—That the party who commits the first fault in pleading, must fail on demurrer, and that this demurrer to the answer will enable us to examine demurrable defects in the complaint. *Loomis vs. Youle*, 1 *Minn. Rep.*, 175.

II.—The complaint does not state facts sufficient to constitute a cause of action, or to entitle the Plaintiff to the relief he seeks, or to any relief whatsoever.

(Under this point were cited the same authorities cited on the part of the Appellant, in the case of *Dahl et al., vs. Aug. H. Pross, ante p.* 89.)

The Defendants have answered in this action, to which answer Plaintiff demurs, on the ground that it does not state facts constituting a defence.

The Plaintiff's counsel has (in his brief,) arranged and blocked out the Defendant's answer into distinct parts, each of which he pleases to term " defensive propositions of the answer," and then comments upon them singly and separately, as if each were pleaded as a separate defence to his cause of action. He complains, in the outset, that the "answer is thrown together in one mass ;" but he thinks " it may be divided," and proceeds to do so, as to each allegation of fact, as if each were pleaded as a separate defence. We notice this simply from the fact, that it shows that the learned counsel has not perceived the intent of the Defendants in their pleading, which was not so much to interpose a plea in bar, or a perfect defence, technically speaking, to the cause of action, but to place upon the record all the facts and circumstances attending the sale of the property, the execution of the bond,

the partial fulfilment of its terms, the nature, situation and value of the property—all of which facts, (and not any single one of them,) as detailed in the answer, they claim constitute a defence to the Plaintiff's cause of action, in so far, that they (if proved as alleged,) will stop a strict foreclosure of the contract in suit, and so change the nature of the Plaintiff's relief, as to apply to the contract the provisions of the act of the Legislature, granting three years' redemption. *Stat. of Minn.*, 1860, *p.* 275, *secs.* 1 & 2. So that the decree in this case, instead of appointing thirty days, or six months, within which the Defendants are to perform, or be barred, &c., shall be made to conform to said law above cited, which provides, " that any real estate hereafter to be sold upon the execution, judgment, order or decree of any court, or upon the foreclosure, by advertisement or otherwise, of a mortgage, contract or liability, shall be held," &c., &c.

In other words, the Defendants have interposed their cross bill " to obtain full relief to all parties, touching the matters of the original bill." *Story's Eq. Pl.*, *Sec.* 389–90, 1, 2, 3; *Stat. of Minn.*, *p.* 540, *sec.* 58; *Story's Eq. Pl.*, *sec.* 849.

ALLIS & PECKHAM, Counsel for Appellant.

VAN ETTEN & OFFICER, Counsel for Respondents.

*By the Court*—ATWATER, J.—Upon the demurrer to the answer in this case, the Defendants claim the right to attack the complaint, and show that it contains no cause of action, or is in other respects demurrable. This practice obtained under the old system of pleading, and has been sanctioned by this Court, at least to the extent of all defects in the complaint that would not be aided by verdict. (*Smith vs. Mulliken*, 2 *Min.*, 319.) The objection to the complaint here raised is, that it does not state facts sufficient to constitute a cause of action.

The complaint in this case is substantially the same so far as the cause of action is concerned, as in *Pross vs. Dahl*, decided at the present term. In that case a demurrer was

interposed to the complaint on the sole ground that the com-. plaint did not state facts sufficient to constitute a cause of action.  We held the complaint good, and the reasoning in that case, being equally applicable to the present, it will be unnecessary to enlarge on this objection of the Defendant.

The only question therefore requiring consideration is; did the Court below err in overruling the demurrer to the answer ; or in other words, does the answer state facts constituting a defence to the action?  The relief demanded by the complaint is, that " the said Defendants may be ordered and adjudged on or before a day certain to be fixed by this Court to pay or cause to be paid the amount due on said note, and to receive the deed of said premises, hereby tendered by this Plaintiff.  And that the amount due on said note may be assessed and ascertained by this Court or under its direction. And that in case the said Defendants fail to pay said money so to be found due on said note, on or before the day so to be fixed, that then the said Defendants and all persons claiming under them, &c., may be forever barred and foreclosed of all right, claim, title or equity, of, in or to the said lands," &c.

The answer admits all the material allegations of the complaint, and alleges that the property, at the time of the purchase, was worth the agreed price ($6,500), but that by reason of the great depreciation in the value of real estate, it is not now worth, or of a greater value than $4,000.

" That the said Defendant, Edmund De Freudenrich, is desirous of redeeming the said property and of paying the amount which may be ascertained to be justly and legally due upon the said third promissory note ; but he respectfully shows to the Court and states, that by reason of the great depreciation of the value of said property, and the great difficulty that exists in raising moneys or securities in this state, and by reason of the stringency of the times since the date of the maturity of the said third promissory note, the said Defendant cannot at this time, nor within a short time, raise sufficient moneys to pay off the balance due and to become due upon said note, and that if an early day is fixed for the foreclosure of his equity of redemption in and to said property, it will be impossible for him to make such redemption.

Whereby the said property will become wholly lost to the said Edmund," &c.

The answer then further states, that the Defendants believe that in one year from this time the said property will be of much greater value and will sell to much better advantage than it will in the present time of depression in real estate, and that in three years from this time, or in a much less time, the said Defendant will be able to raise an amount of moneys, amply sufficient to redeem the said property, under a sale for the amount due and to become due, with costs of sale, and that the property is ample security for all sums of principal and interest which can legally or justly accrue upon the said note, for the next four years, and that an extension of the time of sale under the decree to be made in this action and of the right of redémption after said sale, according to the laws of this State as they now exist, in case of like securities and mortgages upon real estate, will not prejudice the Plaintiff's said security, and will be in accordance with equity and good conscience. And asking, in conclusion, (among other things not deemed material,) that a sale of the premises be decreed after nine months, and the Defendant be permitted to redeem at any time within three years thereafter, upon payment of the amount with interest, &c., for which the premises shall be sold.

The Court below, in its opinion on file overruling the demurrer, says, that "the answer does not state facts sufficient to constitute a defence, as that term is generally understood and used in pleading under the code. That is, there are no facts stated which either can or are claimed to defeat the Plaintiff's cause of action. But the facts set forth in the answer (some of them at least,) are such as the Court should know before rendering judgment, and which may affect or modify the judgment to be rendered. They are matters which, in a Court of Equity, bear upon the Plaintiff's present right to a final decree, and may thus be said to constitute an equitable defence, not to the cause of action, but to the particular relief sought."

*Section* 66 of *p.* 541, *Comp. Stat.*, provides what the answer must contain, which must be either, 1st, a denial of each alle-

gation of the complaint controverted by the Defendant, or, 2d, a statement of any new matter constituting a defence or counter claim.   Unless the pleading can be brought within one or the other, or both these provisions, it is not admissible as an answer, either at law or in equity, since the form of pleading in both classes of actions is the same.   The distinction attempted to be made between a defence to the cause of action, and to the particular relief sought, I do not think is well taken.   The relief proper to be granted in any particular case must depend upon the cause of action, and an answer which stated facts showing that the Plaintiff was not entitled to the relief sought, or only to a part of the same, would constitute a defence to the cause of action, or a defence *pro tanto*, as the case might be.   But even if any distinction of this kind does exist, we think the Court erred in holding that there is any new matter set up in the answer which constitutes a defence " to the particular relief sought," or of which it is necessary that the Court should be informed, before rendering final judgment in the case.

The making of the notes, and default in payment being admitted, the Defendant can have no legal claims upon the Plaintiff with reference to the property in question.   He is remediless at law.   If he seeks the aid of a Court of Equity, he must satisfactorily excuse or justify his default, and tender a performance of the contract of which he seeks the advantage, so far as the same may be possible, or in other words, he who asks the aid of a Court of Equity, must himself be ready to do equity.

The parts of the answer above quoted contain the only excuse or justification of his default, which the Defendant has to present.   No fraud, accident, surprise, or any reason out of the ordinary course of events, is offered to excuse a default of some two years in performing his contract.   The only reason assigned why he has not paid his note is, the great depreciation of real estate, and the stringency of the times.   I presume no case can be found in the books, where a Court of Equity has relieved against a default on such a plea.   So far as this part of the answer is concerned, it must be governed by the same rules that would apply to the consideration of a

bill filed by the Defendant against the Plaintiff for specific performance. Such was the case of *Benedict vs. Lynch*, 1 *J. Ch.*, 370, in which the Plaintiff had been in default and in which the Chancellor says, that "it is incumbent on the Plaintiff, calling for a specific performance, to show that he has used due diligence, or, if not, that his negligence arose from some just cause or has been acquiesced in; that it is not necessary for the party resisting the performance to show any particular injury or inconvenience; it is sufficient if he has not acquiesced in the negligence of the Plaintiff, but considered it as releasing him." To the same effect is *Hatch vs. Cobb*, 4 *J. Ch.*, 559. There are no allegations or proof in the case, that the Plaintiff ever agreed to extend the time for the performance of the contract on the part of the Defendant, nor that the delay has been by the Plaintiff's consent. The Defendant therefore fails in establishing the first step, the very ground work of his defence; and were he bringing a bill for a specific performance, and tendered the balance due on the contract, I do not know on what principle the Plaintiff could be decreed to convey, if he objected to so doing.

But in this case the Plaintiff offers to waive his legal rights, and asks that the Defendant either now comply with his agreement, or that the same be abandoned. To this the Defendant in substance answers, that he has not the money, and cannot now do it, and that if the relief asked by the complaint is granted, he must lose what he has already paid on the land. And thereupon asks, that the land be sold after nine months, and that he be allowed three years after such sale, to pay the amount bid, and redeem under the sale.

How it can be for a moment claimed that there is anything in these allegations, or requests, in the answer, constituting a defence to the cause of action, or relief sought by the complaint, we are at a loss to determine. The Defendant not only fails to excuse his default, but wholly fails to show any valid reason for not complying with his engagement even now. For if the reason stated, to wit, the "stringency of the times and the difficulty of raising money," be sufficient ground for releasing a man from his contract, a wide door would be opened for the exit of unfortunate debtors, and but few con-

tracts remain of binding force. And if the fact, that unless further time be given the Defendant will lose what he has already paid, be good ground for an extension of time, there are probably but few mortgages foreclosed in this State in which the same plea could not be truthfully urged. If the Defendant were filing a bill for specific performance, and tendered, or brought the balance due in Court, his claim would have perhaps greater equity on account of the amount already paid, but even then, it would only be regarded as a circumstance in his favor, and by no means conclusive of his right to the relief. *Lead. Cas. in Eq.*, vol. 2, part 2, p. 14; 4 *Ves.*, 686; 13 *Ves.*, 225; 4 *J. Ch. R.*, 559.

But the Defendant asks more than an extension of time. He asks a complete change of the contract, that a bond for a deed be changed to a mortgage, the Plaintiff divested of his legal title to the premises, and to have the same equity of redemption which he would enjoy under an ordinary foreclosure sale in Court. The Defendant in his pleading and on the argument, speaks of his equity of redemption, under this bond, and seems to take it for granted that he has such right of course. In this, he is entirely mistaken. No such right exists or is given by the terms of the instrument itself, or is granted by statute, or any authoritative construction of the law. Whether he has any equities of any kind entitling him to further indulgence, can only appear by the allegations of his answer, and proofs made thereon. In this case no equities are shown, save such as arise (if any) from the payment of a part of the purchase money, and as that fact appears from the complaint, the Court is as well prepared to render judgment without the answer as with ; there is nothing therein stated which constitutes a defence.

It is true, that the Defendant, in view of the amount paid upon this purchase, may, perhaps, suffer a hardship in granting the relief demanded by the complaint. But if so, it is in no measure owing to the fault of the Plaintiff, and that circumstance alone has never been considered a good ground for relieving a party from the obligations of his contract. If the Defendant has bought upon speculation, depending upon the rise of property to raise means to pay the purchase money,

and the result has disappointed his expectations, he must be content to abide his loss. As the Plaintiff would not have been permitted to repudiate his contract, and decline to execute a deed, had the property greatly appreciated in value, so must the Defendant be governed by the same rule, when the result is directly opposite. These fluctuations in the value of real estate are in the ordinary course of events, and furnish no ground of relief in equity to a party affected by them. "It would be dangerous," says Lord Erskine, in 12 *Ves.*, above cited, " to permit parties to lie by, with a view to see whether the contract will prove a gaining or losing bargain, and, according to the event, either to abandon it, or, considering time as nothing, to claim a specific performance, which is always the subject of discretion." Here the Defendant asks the privilege of lying by some three or four years longer, (having already had more than two years after default,) and then if he shall choose, come in and take the property ; not even then offering to pay the balance now due, but only such sum as the property may bring when sold at public auction. If the property continues depreciating in value during that time, to the same extent which the Defendant alleges it has depreciated since the purchase, it is easy to see the Plaintiff would come far short of realizing the amount due him with interest. And it is manifestly impossible to prove that such result will not occur. The relief demanded by the Defendant, might, therefore, prove highly inequitable to the Plaintiff, and such as a Court of Equity could not grant upon the facts stated in the answer.

In no aspect of the case, therefore, does the answer state a defence ; and it only remains to consider what should be the judgment of the Court upon the facts stated in the complaint. In considering the relief to which the Plaintiff is entitled, regard may properly be had to the amount agreed to be paid by the Defendant for the land which he contracted to purchase, the amount which he has actually paid, and also the time which has elapsed since the forfeiture. Where the amount of the purchase money is considerable, and the Defendant has paid the larger portion of the same, it would seem equitable that he should have more time granted to save an entire for-

feiture of the land or sum paid, than where he has advanced but a small part of the agreed price. The Court may, perhaps, also have some regard to the monetary condition and general financial embarrassments of the country at the time of, and since the forfeiture of his agreement by the Defendant, though considerations of this nature should be entertained with caution, as, from the nature of the case, no settled or satisfactory rule can be stated which can afford a guide in determining the indulgence that should be granted. That must rest in the sound discretion of the Court, and its exercise will not be interfered with by a court of review, except an abuse of the same is shown.

We will remand the cause to the District Court, which can determine the amount due the Plaintiff, and direct a judgment or decree in his favor, to the effect, that, in default of payment of the amount due, within six months from the filing of this decision, the bond be declared cancelled, and the Defendants, and all persons claiming through or under them, be barred and foreclosed from all claim, &c., in accordance with the prayer of the complaint.