*J. F. Gardner*, for appellant.

*J. S. Reid* and *J. Yaryan*, for appellee.

---

### BAXTER and Another v. BODKIN and Others.

Husband and wife cannot, by separate deeds, convey the lands of the wife. Such deeds do not create an equity sufficient to protect the possession of a purchaser.

A right in equity cannot arise out of an instrument which binds nobody.

APPEAL from the *Grant* Circuit Court.

FRAZER, C. J.—This was a suit in ejectment. The appellees were the plaintiffs and heirs at law of one *Mary Pickett*, a married woman, who died intestate in 1863.

The other facts not controverted by the pleadings, together with those specially found by the jury, there being no general verdict, were as follows: That said *Mary* was seized in fee of said lands; that on the 4th of *November*, 1862, she executed and delivered to the defendant, *Elizabeth Baxter*, a warranty deed therefor, in which her husband did not join, but to which he orally consented; that, on the 27th of *October*, 1862, the husband had executed a separate

deed of quit-claim to the defendant, *Elizabeth*, for the same land; that the consideration for said deeds to *Elizabeth* was an agreement on her part for the maintenance of said *Mary Pickett* during her life, the performance of which was secured by a mortgage upon the same lands.

The defendants moved for judgment in their favor upon the verdict, the court overruled the motion, and rendered judgment for the plaintiffs.

We are to consider whether the judgment ought to have been for the defendants.

Without the aid of a statute no deed of *Mary Pickett*, even if her husband had joined in it, would be effective to convey the title, either at law or in equity, under the circumstances in this case. What then is the statute? "The *joint deed* of the husband and wife shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenant therein." 1 G. & H., § 6, p. 258. It is too plain for discussion, that separate deeds executed by husband and wife respectively, with the husband's oral consent to the wife's act, do not together constitute a fulfillment of the requirement of this statute. Nor is any equity thereby created which the courts can recognize as sufficient to protect a possession. In the nature of things, it must be impossible for a right in equity to arise out of an instrument which binds nobody.

The judgment is affirmed, with costs.

*J. Brownlee*, for appellants.

*A. Steele, R. T. St. John* and *H. D. Thompson*, for appellees.