CEPHAS C. CHAMBERLAIN *vs.* IRA BRADLEY & another.

For the introduction in evidence of a copy from the registry of a deed purporting to be executed under the authority of a corporation by its president, it is not necessary to prove that the president had authority to execute the deed.

On a petition for partition of a parcel of land " being lot four on plan drawn by W., dated September 12, 1848, and recorded," and described by metes and bounds, the petitioner, to show title, may put in evidence the record of a judgment and possession given on a writ of entry, brought by a party under whom he claims title, to recover a parcel of land " being lot four on plan drawn by W., dated September 12, 1848," and described by substantially the same metes and bounds on three sides as the parcel of which partition is sought, though the boundary on the remaining side is wholly omitted.

PETITION for partition of land in Malden. At the trial in the superior court, before *Reed*, J., the petitioner introduced in evidence various deeds to establish his title; and among others an office copy from the registry of deeds of a deed from the Edgeworth Company to George F. Homer and Daniel Winkley, (this being one of the mesne conveyances through which he claimed title,) which ended thus: " In witness whereof the said Edgeworth Company have caused these presents to be signed by their president, and their corporate seal to be hereto affixed, this fifth day of December, in the year of our Lord one thousand eight hundred and fifty-three. Edgeworth Company, by their president, B. L. Allen. [Seal.] " The deed was acknowledged by B. L. Allen as the free act and deed of the Edgeworth Company. The respondents objected to the admission of this copy, until it should be shown that the president of the company had authority to execute the deed; but the objection was overruled and the copy admitted.

The petitioner also introduced as part of his chain of title the record of a judgment in favor of the Edgeworth Company, upon a writ of entry for the foreclosure of a mortgage. The premises demanded were thus described in the record: " A certain parcel

of land situate in Malden, in the county of Middlesex, being lot No. 4 on a plan of lands drawn by Alex. Wadsworth, dated Sept. 12, 1848, bounded as follows, beginning at the southeast corner of said lot at the corner of Pleasant Street, then running westerly on said Pleasant Street two hundred and thirty-one feet to lot No. 3, on said plan, then turning and running easterly two hundred and twelve feet one inch, then turning and running southerly three hundred and fifty-five feet to the place of beginning."

· The land of which partition was now sought was described in the petition as follows: " A certain parcel of land in Malden, in the county of Middlesex, being lot numbered ' four' on plan drawn by Alexander Wadsworth, dated September 12th, 1848, and which is recorded in book of plans, liber 3, plan 26, in Middlesex registry, bounded and described as follows: Commencing at the southeast corner of said lot at the corner of Pleasant and Prospect Streets, (sometimes called Grove Street,) then running westerly on said Pleasant Street two hundred and thirty-one feet to lot No. 3 on said plan ; then turning and running northerly by said lot and by other land now or formerly of the Edgeworth Company, three hundred and forty-seven feet; then turning and running easterly by other land now or formerly of the trustees of said Edgeworth Company two hundred and twelve feet and one inch to said Prospect Street, otherwise called Grove Street; then turning and running southerly by said last named street, three hundred and fifty-five feet to the beginning."

The respondents objected to the admission of the record, on the ground of variance between the description of the premises therein contained and that in this petition, and requested the judge to rule that the possession taken was, on account of this variance, insufficient for the purposes of foreclosure ; but the judge admitted the record and refused to rule as requested.

The jury returned a verdict for the petitioner, and the judge reported the case for the determination of this court.

*H. W. Paine,* (*J. Cutler* with him,) for the respondents.

*T. Wentworth,* (*A. Cottrell* with him,) for the petitioner.

HOAR, J. The respondents rely upon only two of their objections to the rulings at the trial, and the others are to be regarded as waived. The court are of opinion that neither of the two is well founded.

1. The petitioner introduced a certified copy from the registry of deeds of a deed from the Edgeworth Company to Homer and Winkley, being one of the mesne conveyances through which he claimed title. It purported to be executed under the authority of the corporation by its president, and the respondents objected to its admission without proof of the authority of the president to execute it; but it was admitted. This ruling seems to us correct, and in conformity with the established rules of evidence.

It is conceded that an office copy of a deed is generally admissible in evidence where the party claiming under it is not the grantee. *Ward* v. *Fuller*, 15 Pick. 185. Between natural persons the production of such a copy is evidence of the execution of the deed by the person whose deed it purports to be; of its delivery; of its due acknowledgment; and, in the absence of other evidence, of the seisin of the grantor. This involves the presumption or inference of fact, 1. that the seal was the seal of the grantor; 2. that it was affixed by him or by his authority; 3. that he signed his name or authorized it to be signed for him in his presence; 4. that it was the grantor who made the acknowledgment; 5. that the certificate of the magistrate is genuine; and 6. that the grantor was seised of the land which the deed purports to convey.

There is nothing to be inferred, in case of the admission of an office copy of the deed of a corporation, which goes farther than this. It is presumed to be the deed of the corporation, which it purports to be. The seal is presumed to be the seal of the corporation, affixed by its authority, as in the case of a private person. The authority to execute the deed is of course essential to its validity; but so is the genuineness of the signature of the grantor in any case; and there seems to us as much reason to infer the one from the existence of the record copy as the other. The copy was admissible, because it purported to be the

**duly** executed deed of the corporation, and was therefore pre-sumed to be so; and the existence of all the facts necessary to make it so, is presumed as a consequence.

2. The petitioner introduced, as evidence of his title the record of a judgment in favor of the Edgeworth Company upon a writ of entry for the foreclosure of a mortgage. Upon inspection of this record, there appeared to be a variance between the description of the premises demanded in the writ of entry, and the description of the land in this petition. The respondents objected to the record for this reason, and asked the presiding judge to rule that the possession gained under that judgment was insufficient for the purpose of foreclosure; which the judge declined to do and admitted the record in evidence.

The descriptions in the record and in the petition describe the land as " lot No. 4 on a plan drawn by Alex. Wadsworth, dated Sept. 12, 1848 ; " and give the boundaries substantially alike, except that in the writ of entry one line is wholly omitted, and thereby it appears that the lines given would not inclose any piece of land, because the second line given runs in the opposite direction to the first. The petition sets forth the plan as recorded in the Middlesex registry of deeds.

There can be no doubt that a reference to a plan which is recorded, in like manner as a reference to a recorded deed, may be sufficient to identify land, and aid an imperfect description in a deed of conveyance, or in a levy on execution. *Boylston* v. *Carver*, 11 Mass. 515. *Jenks* v. *Ward*, 4 Met. 404. *Allen* v. *Taft*, 6 Gray, 552, 555. The statute provision in relation to a levy is, that the land " shall be described by metes and bounds, or otherwise, with as much precision as is necessary or proper in any common conveyance of land, and in such manner that the premises may be known and identified." Rev. Sts. *c.* 73, § 5. Gen. Sts. *c.* 103, § 5. A levy is, in effect, a statutory conveyance. But a more stringent rule has been applied as to the certainty of description required in a writ of entry, dower, ejectment or partition, where the judgment is to fix or transfer the title or possession adversely. In *Atwood* v. *Atwood*, 22 Pick. 283, it is said that " when lands are demanded, the description

of them must be so certain that seisin may be delivered by the sheriff without reference to any description *dehors* the writ." In that case, the boundaries of the land in which dower was claimed were not given so as to describe it, but there was a reference to a recorded deed; and it was held that the defect could not be cured by this reference. In Stearns on Real Actions, 151, it is said that " the property sued for may be described as ' a certain messuage,' called by a particular name by which it is known, or with the abuttals; " and that " the only practical rule seems to be, that the description should be so certain as to enable the tenant to understand what is demanded against him, and the sheriff to deliver the seisin, without any information from the demandant." Judge Jackson gives the rule somewhat more liberally; saying only that " the premises demanded must be described in the count with as much precision as in any common conveyance or assurance of land." Jackson on Real Actions, 13, 14.

But it is to be observed that in most of the cases the objection to the insufficiency of the description was taken at the trial or in arrest of judgment. And we think that after verdict, and especially after judgment and possession delivered under it, every possible intendment should be made in favor of the sufficiency of the count or declaration, if upon any possible state of proof it could be supported. Thus, in *Bindover* v. *Sindercombe*, Ld. Raym. 1470, in error upon a judgment in ejectment, it was objected that one of the abuttals was uncertain because it referred to " a boundary to be erected," and "the court were of opinion that this was certain enough; for though the boundary was said ' to be erected,' yet this being after a verdict, they could not intend but that evidence was given upon the trial to support this description, and that, though the boundary was not perfectly erected and completed, there were some marks where it was designed to be erected." The reporter adds his opinion that an ejectment for " a close of meadow called Partridge Lees, containing —— acres, more or less," was well enough, and doubts the accuracy of a statement that it had been decided otherwise

The premises were described in the record admitted in evidence, as "lot No. 4 on a plan drawn by Alex. Wadsworth, dated Sept. 12, 1848." It appears that there was such a plan recorded, and that it is in fact the same lot of which partition is now sought, and of which possession was given under the judgment for foreclosure. The description seems therefore to have been sufficient to satisfy the parties to the judgment, and to have been in fact true. It may have been that "lot No. 4 on Wadsworth's plan" was a description by which the lot of land was well known at the time of that suit. We therefore think that it does not judicially appear that the land could not have been found by the description in the record, without reference to the plan for farther information. The errors in the boundaries given do not contradict the remainder of the description, but are obviously defective, and describe no piece of land completely. They may therefore be disregarded.

*Judgment on the verdict.*