[No. 747.]

## ALVARO EVANS, APPELLANT, *v.* L. W. LEE, RESPONDENT.

POWER TO SELL WITHOUT FORECLOSURE.—A power to sell without foreclosure is operative when the intention to confer it is clearly expressed.

SECONDARY EVIDENCE — WHEN ADMISSIBLE. — Where the proof shows that the instrument which plaintiff wishes to produce in evidence is out of his power to obtain, and is beyond the reach of the process of the court, secondary evidence of its existence and contents is admissible without regard to the provisions of the recording act.

CERTIFICATE OF ACKNOWLEDGMENT OF DEED.—A certificate of the vice-consul-general of the United States at London, under his official seal, is *prima facie* evidence of the execution of a deed.

FOREIGN CORPORATIONS — ACT OF MARCH 3, 1869, (STAT. 69, 115,) CONSTRUED.—The intention of the act requiring all foreign corporations to file, in the office of the county recorder, an authenticated copy of their certificate, or act of incorporation, etc., was obviously to compel such corporations, when doing business in this state, to furnish easily accessible evidence of their existence, and of the names of their officers.

IDEM.—Where a paper was filed by the corporation, under said act: *Held*, that the corporation, and those claiming under it, are precluded from objecting to the contents of the paper, as at least *prima facie* evidence, upon the ground that it does not come up to the requirements of the law.

IDEM—SEAL.—*Held:* that as the paper on file bears the impression of the corporate seal, *prima facie*, it proves the seal of the corporation.

IDEM—POWER OF SECRETARY TO AFFIX CORPORATE SEAL.—The secretary of a corporation is the proper custodian of the corporate seal, and when the secretary affixes it to a mortgage, or other instrument, the presumption is, he did it by the direction of the corporation, and it devolves upon those who dispute the validity of the deed, to prove that he acted without authority.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*Thomas E. Hayden*, for Appellant.

I. The power to sell and convey is ample so far as the facts are in question, and the power of sale is operative, without foreclosure. (*Fogarty* v. *Sawyer*, 17 Cal. 592–3; 4 Kent, 146; Hill on Mortgage, chap. 7; *Longwith* v. *Butts*, 3 Gilm. 32; 23 Cal. 573; 27 Cal. 272; 36 Cal. 60.)

II. The acknowledgment before the vice-consul was valid. (16 Cal. 551 to 654, and cases there cited.)

The use of the corporate seal on a deed proves *prima facie* that the officers had authority to execute it; and both seal and authority are presumed by the court on the slightest waiver of objections. (*Sharon* v. *Minnock*, 6 Nev. 381; *Hoyt* v. *Thompson*, 3 Sandf. 416; *Morris* v. *Wadsworth*, 17 Wend. 103; *Thurman* v. *Canevon*, 24 Wend. 87.)

III. Proof of signatures of officers of corporations is *prima facie* evidence of the due execution of a deed by them. (Abbott's Digest, Law of Corp., p. 272, secs. 30, 31, 32, 33.)

The seal of the corporation proves the authority of the officers to affix it. (Abb. Dig. Corp., p. 725, secs. 31–3, and cases there cited; 1 Withron's Amer. Corp. cases, 645.)

Where a deed appears duly executed with seal attached, the presumption *omnia vita acta* applies. (Grant on Corp., top page 78, and note c thereunder; 11 Adolphus & Ellis, 502.)

*Robert M. Clarke*, for Respondent, argued the case orally.

By the Court, Beatty, J.:

This is a suit for the recovery of certain parcels of land situate in Washoe county. The defendant, as one of his defenses to the action, alleges that the land is the property of the Nevada Land and Mining Company, limited, a corporation, and that he is in possession under a contract with that company for the conveyance of the premises to him. This plea, of course, is evidence in favor of the plaintiff of the existence and title of the corporation, and in order to make out his *prima facie* case, it was only necessary for him to show a conveyance from the corporation to himself.

This he undertook to do; but his evidence, offered for that purpose, was excluded on the objection of the defendant, and judgment of nonsuit rendered. The plaintiff appeals from the judgment, on the ground that the court erred in excluding the evidence referred to, and the only question to be decided is, whether that evidence was competent and sufficient to prove a conveyance of the land from the corporation to the plaintiff.

The deed to the plaintiff was executed by one Story, claiming to act as the attorney in fact of the corporation and of the trustees named in two mortgages or deeds of trust of the corporation, by which the trustees are empowered, in case of default of payment of the indebtedness secured by the mortgages, to sell the mortgaged premises. The only objection to this deed executed by Story, as attorney, was that his authority was not proved. To show his authority, the plaintiff offered in evidence copies from the records of Washoe county of the two mortgages above mentioned, of a power of attorney from the corporation to Story, and of powers of attorney from the trustees named in the mortgages to Story. The objections of the defendant to the introduction of these papers raise a number of questions, the first of which is one of construction, viz.: Did the trustees have the power to sell without foreclosure? We understand it to be well settled that a power to sell without foreclosure is operative when the intention to confer it is clearly expressed, and in these mortgages the power is conferred in the plainest and fullest terms, coupled with a provision that purchasers from the trustees shall not be required in any case to prove that the conditions have arisen under which the trustees are authorized to sell. There can be no doubt, if the execution of the various powers under which Story claimed to act was sufficiently proved to entitle them to be admitted in evidence, that the plaintiff proved his case. Whether their execution was so proved or not, depends upon the validity of the objections taken by the defendant at the time they were offered. His first objection was that the absence of the originals was not sufficiently accounted for. But the proof showed that

the corporation was an English corporation, that the trustees and Story, the attorney, were residents in England, and that the papers were in England. They were out of the power of the plaintiff, and beyond the reach of the process of the court, so that secondary evidence of their existence and contents was admissible, without regard to the provisions of the recording act.

The next objection of the defendant was "That there was no proof of the authority of the officer before whom the acknowledgments of said mortgages and power of attorney from said company were taken, to take such acknowledgments."

The acknowledgments of all these instruments are certified by the vice-consul general of the United States at London, under his official seal. His authority to take and certify acknowledgments of conveyances of real estate is established by the statute (Sec. 231 of the Compiled Laws). This section of the law was borrowed along with the rest from the State of California, and was, of course, taken with its known construction. In the case of *Mott* v. *Smith* (16 Cal. 552), it was decided that the certificate of a vice-consul of the United States residing in the Sandwich Islands was of itself *prima facie* evidence of the execution of a deed. So in this case, the certificate of the vice-consul at London is of itself evidence, so far as it is made in compliance with the law. There is no objection to the form of his certificates of the acknowledgment of the powers of attorney from the trustees to Story, but with respect to the deeds of the corporation, it is objected that the certificate of the vice-consul affords no proof, and that there is no other proof that the seal attached to those deeds was the common seal of the corporation; or that the parties by whom it was affixed and the name of the corporation subscribed had any authority from the corporation to execute the deed. This objection will be better understood by reference to the language of one of the certificates, which is as follows:

"CONSULATE GENERAL OF THE UNITED STATES OF AMERICA, }
LONDON, England. }

"On this sixteenth day of June, in the year of our Lord one thousand eight hundred and seventy, before me, Joshua Nunn, Vice-Consul General of the United States of America for London and the dependencies thereof, personally appeared Edward Clavery Griffiths and Sir John Campbell Lees, Knight, directors, and John Abel Robertson, secretary of the Nevada Land and Mining Company (Limited), known to me to be the persons described in, and who for and in the name of the Nevada Land and Mining Company (Limited), executed the foregoing instrument, and acknowledged to me that they executed the same freely and voluntarily as and for the act and deed of the said Nevada Land and Mining Company (Limited), and for the uses and purposes therein mentioned."

The certificate to the power of attorney from the corporation to Story is fuller, or at least more explicit, than this in some respects; that is, the vice-consul certifies explicitly that the persons subscribing are directors and secretary of the company, and that the seal annexed is the corporate common seal of the company. The same objection, however, is made to all the certificates: that the statement of the vice-consul is no evidence of the genuineness of the seal or of the authority of the persons who affixed it. These objections present a number of important questions: How must the execution of a corporation deed be acknowledged or proved in order to entitle it to record? Will the same proof which entitles it to record entitle it to be read in evidence, or must the seal or the authority of those who affixed it be proved *aliunde* like the authority of an attorney in fact? Ought the person executing a deed in behalf of a corporation by affixing its seal to "acknowledge" the execution, or ought he or a subscribing witness to "prove" it, by swearing to the identity of the seal, and that it was affixed by one having the custody of it, or one specially authorized?

All these, and, perhaps, other questions, are raised by

the defendant's objections; but in the view we entertain of the case it becomes unnecessary to decide them, and as they have not been very fully argued, we prefer not to do so. Disregarding the certificate of acknowledgment of the execution of the two mortgages, altogether there is still sufficient evidence to prove, *prima facie,* that they are the deeds of the corporation. An act of the legislature of this state, approved March 3, 1869, (Stats. of 1869, p. 115,) requires all foreign corporations to file, in the office of the county recorder, of each county, in the state wherein they are engaged in carrying on any kind of business, a properly authenticated copy of their certificate or act of incorporation, with a duly certified list of its officers appended. The intention of this act was obviously to compel foreign corporations, doing business in this state, to furnish easily accessible evidence of their existence, and of the names of their officers. The pleadings in this case establish, as against the defendant, the existence of the Nevada Land and Mining Co.; Limited, and the fact that it is transacting business in Washoe county. It is, therefore, to be presumed that it has filed in the recorder's office of Washoe county, the papers which it is required to file by the law above cited.

On the trial, the plaintiff offered in evidence a paper, which, it was proved, had been filed by the acting superintendent of the company in this state, in attempted compliance with the law. This paper was not such a document as the law required, and was not properly authenticated; but the evidence showed that the filing of it was the corporate act of the company, and we are satisfied that it is a safe and proper rule to hold that the corporation, and those claiming under it, are precluded from objecting to the contents of that paper as at least *prima facie* evidence, upon the ground that it does not come up to the requirements of the law. Taking it then for evidence of what it contains, it proves, among other things, that in August, 1869, John Able Robertson was secretary of the company, and, as it bears the impression of the corporate seal, it proves the seal of the company. The testimony of the witness, Fish, proves that a *fac simile* of that

seal was affixed to the two mortgages above referred to, the originals of which he had seen and recorded; and altogether the proof amounts to this: That Robertson, the secretary of the company, put its seal to the first mortgage. If the law of England is the same as our own (and we can presume nothing else), Robertson was the proper custodian of the corporate seal, and when he affixed it to the mortgage the presumption is, he did it by the direction of the company, and it devolves upon those who dispute the validity of the deed, to prove that he acted without authority. Our conclusion is, that the plaintiff proved the execution of the first mortgage; that the trustees therein named had power to sell without foreclosure; they empowered Story to sell, and he conveyed to the plaintiff.

The judgment of nonsuit was therefore erroneous, and it is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.