## B. H. CANNON v. W. BOUTWELL.

*(Case No. 969.)*

1. DEED — POWER OF ATTORNEY — MARRIED WOMAN.— A deed purporting to convey the separate property of a married woman, and which is signed by her alone, is invalid, though it be shown that she acted with her husband's consent; and a deed executed under a power of attorney, made by her alone, conveys no title.

2. POWER OF ATTORNEY FROM MARRIED WOMAN TO HER HUSBAND.— It would be a departure from the policy of the law wholly unauthorized by anything in the statute, to allow the husband, by means simply of a general power of attorney from the wife, to dispose of her separate property at his will.

APPEAL from Hunt. Tried below before the Hon. Green J. Clark.

A number of propositions were argued by counsel not necessary in view of the opinion to notice, nor would a full statement of the case make the opinion clearer.

*Jones & Lewis* for appellant.— We believe that if a married woman jointly with her husband may give a power to convey her separate estate, that she may likewise, in the same manner, give her husband, who under the statute has the sole management and control of it, power to convey. Under our system in regard to the separate property of the wife, she is generally treated as a *feme sole*, the privy acknowledgment being for her protection. Her estate with us is not like an equitable separate estate for the wife in England, but it is created by our constitution and laws. There the very object of their creation was to prevent the husband from controlling and managing it; whereas our laws make the husband the sole manager of the wife's separate estate. Magee *v.* White, 23 Tex., 180.

This power of attorney made by the wife to her husband was privily acknowledged by her in the statutory mode; her husband accepted the power, conveyed the land under it in her lifetime, and we believe it was a valid conveyance. Patton *v.* King, 26 Tex., 686.

*Poage & Mathews* for appellee.— The court below committed no error in sustaining these objections and excluding the power of attorney. Pasch. Dig., art. 1003; Dow *v.* Gool & Curry Silver Mining Co., 31 Cal., 629; Reagan, Adm'r, *v.* Holliman, 34 Tex., 404; see, also, note in 2 Kent, 139; Cartwright *v.* Hollis and wife, 5 Tex., 152; Hollis and wife *v.* Francois & Border, id., 195.

GOULD, ASSOCIATE JUSTICE.— Appellant's title to the land sued for depended on the validity of a power of attorney, executed and privily acknowledged by Mary C. Fisher, in October, 1856, authorizing her husband, George Fisher, to sell and convey, for her benefit, the land now in controversy, being her separate property, and upon a conveyance of said land by George Fisher, acting for himself, and for his wife under said power of attorney, made February 5, 1858.

The district court held these instruments insufficient to divest the wife's title; and in our opinion the court did not err in so ruling.

A deed, or power of attorney, signed by the wife alone, is not such an instrument as the statute makes effective to pass her estate. The decisions under similar statutes have been uniform in holding the separate conveyance of the wife invalid, notwithstanding it may have been clearly shown that she acted with her husband's assent. Trimmer *v.* Heagy, 16 Pa. St., 484; Sexton *v.* Pickering, 3 Rand., 468; Baxter *v.* Bodkin, 25 Ind., 172; Fowler *v.* Shearer, 7 Mass., 14; Whitaker *v.* Blair, 3 J. J. Marshall, 236; 1 Bishop on Law of Married Women, sec. 593, and authorities cited in note 1.

So, whilst the husband and wife may, by executing and acknowledging the instrument in the mode prescribed for conveyances, empower an agent to convey her separate estate (Patton *v.* King, 26 Tex., 686), the power of attorney, although clearly assented to by the husband, will be ineffectual if made by the wife alone. The statute does not attempt to provide for either conveyances or powers of attorney from the wife to the hus-

band, and we think it would be a departure from the policy of the law, wholly unauthorized by anything in the statute, to allow the husband, by means simply of a general power of attorney from the wife, to dispose of her separate estate at his will.

AFFIRMED.

[Opinion delivered November 16, 1880.]