GEORGE F. BOWERS *vs.* HENRY HECHTMAN and another.

January 13, 1891.

Mortgage—Foreclosure by Advertisement—Excessive Claim in Notice.—In foreclosure by advertisement, the fact that the notice of sale claims more than is then due on the mortgage will not invalidate the sale, unless it appears that the claim was made by the mortgagee with a fraudulent purpose, or that it has resulted in actual injury to the mortgagor.

Acknowledgment by Corporation.—A certain certificate of acknowledgment of an instrument executed by a corporation *held* to be in substantial compliance with Laws 1883, c. 99, as amended by Laws 1889, c. 118.

Same—Affidavit, by whom to be made.—The officer or agent of a corporation who, in its behalf, affixes the corporate seal to its deed, is the proper person to be examined or to make affidavit, before the officer taking the acknowledgment of the instrument, that the seal affixed by him is the corporate seal, and that the instrument was signed and sealed in behalf of the corporation by authority of the board of directors.

Appeal by defendants Hechtman and Josephine Bowers from a judgment of the district court for Ramsey county, *Kelly,* J., presid-

ing, setting aside a mortgage foreclosure by advertisement and allowing plaintiff to redeem.

*Little & Nunn* and *R. B. Galusha,* for appellants.

*John D. O'Brien,* for respondent.

MITCHELL, J. The plaintiff executed to the J. I. Case Threshing-Machine Company, a Wisconsin corporation, a real-estate mortgage, containing a power of sale, to secure the payment of $1,720, and interest, payable according to the conditions of three promissory notes, to wit: One for $400, due October 15, 1884; one for $420, due December 1, 1884; and one for $900, due December 1, 1885. The mortgage was assigned by the threshing-machine company to one W. M. Nye, who proceeded to foreclose it under the power. The notice of sale stated the amount claimed to be then due to be $1,855. The first publication of the notice was on the 1st day of December, 1885, and the sale took place on January 16, 1886, when the mortgaged premises were sold to the defendant Hechtman for the sum of $1,979. No redemption being made, Hechtman claims to be the owner of the premises, under his purchase at the foreclosure sale. This action is brought to have the foreclosure sale set aside on two grounds. The first is fraud and conspiracy on part of the defendants; but, as the court found against the plaintiff on this issue, it is unnecessary to refer to it further. The second ground is the alleged irregularity of the foreclosure proceedings in the following specified particulars: (1) That the notice of sale did not correctly state the amount then due on the mortgage, as default had been made in the payment of only about one-half of the sum named in the notice; (2) that the assignment of the mortgage from the threshing-machine company to Nye had never been properly recorded. The court found that, by a valid agreement between Nye and the defendant Bowers, the time of payment of the first two notes had been extended *"until* the 1st day of December, 1885,"* which he construed to include December 1st, and therefore that no default had been made in the payment of any part of the mortgage debt at the date of the first publication of the notice of sale, and for that reason the foreclosure was void. He also held that, even if he was wrong in that position, yet, as no default had then been made in the payment of the $900 note, the

claim in the notice that $1,855 (the amount of the three notes) was then due was so grossly excessive as to deter bidders, and for that reason the sale should be set aside. It may be here stated, in passing, that it is not disputed but that $1,855 was the correct amount then owing on the three notes; also that there was no evidence of fraud on the part of Nye, or of injury to plaintiff, unless to be inferred from the bare fact of the claim made in the notice. The court also found that the mortgaged premises were at the date of the foreclosure in the actual possession of a tenant of plaintiff, and that no copy of the notice of sale was served on him, and for that reason, if no other, the sale was void. This last finding of the court was not responsive to any issue tendered by the pleadings. The plaintiff's specifications of his grounds of attack on the foreclosure do not include any such point. Neither is there anything in the record indicating that the parties consented to try any such issue. Therefore the judgment cannot be supported on this finding. If any such issue had been tendered, the defendant Hechtman might have supplied the necessary proof. Neither can the judgment be supported on the first ground suggested, viz., the extension of the time of payment of the first two notes. Plaintiff does not claim that there was any such extension, but, on the contrary, in substance, admits that default had been made in the payment of these notes. Hechtman does not admit it, and there was no evidence of it. It is alleged in the answer of defendant Bowers, who makes no claim to the land, but clearly her answer cannot be treated as any admission by Hechtman. The only question therefore is whether, when only part of the mortgage debt was payable, there was any error such as would avoid the sale in stating the whole debt as the amount claimed to be due on the mortgage at the date of the notice.

The statute requires that the notice shall state "the amount claimed to be due thereon [the mortgage] at the date of the notice." Appellant claims that the word "due" is here used in the sense of "owing," as distinguishable from "payable," and hence that the notice should state, as this one did, the whole amount claimed to be unpaid on the mortgage, and not merely the amount which had then become payable. See *Jencks* v. *Alexander*, 11 Paige, 619, 626. It

is not necessary to decide this question; for, conceding, in accordance with what we think is the general understanding of the bar, that the statute means only the amount already payable, and for which the mortgagee has at the date of the notice a right to sell, still the error in this respect would not, under the facts of this case, invalidate the sale. Perhaps there may be cases where the amount claimed to be due would be so excessive and so wholly unwarranted by anything in the terms of the mortgage as to furnish in itself intrinsic evidence of fraud on part of the mortgagee, and of consequent prejudice to the owner of the mortgaged premises. Such seems to have been the view of this court in the case of *Spencer* v. *Annan*, 4 Minn. 426, (442.) But the rule is that claiming in the notice more than is due on the mortgage will not affect the validity of the sale, unless it appears that it was done with a fraudulent purpose, or that it has resulted in actual injury to the mortgagor; and there is nothing in the facts of this case from which either of these things can be inferred or presumed, especially as the mortgaged premises consisted of a single tract, which would have to be all sold whether the amount in default was a greater sum or a less one. *Ramsey* v. *Merriam*, 6 Minn. 104, (168;) *Butterfield* v. *Farnham*, 19 Minn. 58, (85;) *Menard* v. *Crowe*, 20 Minn. 402, (448.)

The respondent, however, insists that the foreclosure was void for the reason that the assignment of the mortgage by the threshing-machine company to Nye was not acknowledged, so as to entitle it to record. It was signed by the vice-president and attested by the secretary, and the corporate seal attached. Both officers acknowledged the execution of the instrument by them as the act and deed of the company, and the secretary made affidavit that he was such officer, and that the seal affixed to the instrument was the corporate seal, and was affixed thereto *by him* by order of the board of directors. This is a substantial compliance with Laws 1883, *c.* 99, as amended by Laws 1889, *c.* 118.

The secretary, who attested the execution of the instrument and affixed the corporate seal to it, was not a mere subscribing witness, as respondent assumes. He, as much or more than the vice-president, executed the instrument in behalf of the corporation. In fact,

v. 45m.—16

the officer or agent who, in behalf of the corporation, affixes the common seal to an instrument, is, in the absence of any statutory provision, deemed the party executing it.    He also stands in the relation of a subscribing witness to the execution of the deed by the corporation, and is the proper party to be examined or to make affidavit to prove that the seal affixed by him was the corporate seal, and that it was affixed by authority of the board of directors.    *Lovett* v. *Steam Saw-Mill Ass'n,* 6 Paige, 60; *Kelly* v. *Calhoun,* 95 U. S. 710.    Indeed, independently of the provisions of the statute, the fact that the common seal of a corporation is affixed to an instrument is *prima facie* evidence that it was so affixed by proper authority.    *Morris* v. *Keil,* 20 Minn. 474, (531.)

The claim that the property is impressed with a trust in the hands of Hechtman in favor of plaintiff is not supported by anything either in the facts found by the court or the admissions in the answer.

Judgment reversed.