NEW ENGLAND WIRING AND CONSTRUCTION COMPANY.

*vs.*

FARMINGTON ELECTRIC LIGHT AND POWER COMPANY.

Franklin.   Opinion February 4, 1892.

*Real Action.   Deeds.   Delivery.   Evidence.   Presumption.   R. S., c, 81, § § 60, 61.*

The rule, which admits as evidence in real actions office copies of deeds when the party claiming under them is not the immediate grantee therein, applies to mortgages as well as to absolute deeds.

When an office copy of a mortgage is so admitted, which purports to have been executed for a corporation by its agent, due execution and delivery of such mortgage are to be presumed until something appears to show the contrary.

ON EXCEPTIONS.

This was a real action in which the jury returned a verdict for the plaintiff. The defendant excepted to rulings, and admission of evidence which are stated in the opinion.

*N. and J. A. Morrill*, and *F. E. Timberlake*, for plaintiff.

*J. C. Holman and S. C. Belcher*, for defendant.

PETERS, C. J. The plaintiffs, having sued the defendants and attached their real estate in an action of assumpsit, ascertained that the estate attached was encumbered by a mortgage to S. C. Belcher. As attaching creditors, under the authority of certain provisions of our statute (R. S., c. 81, § § 60, 61), they paid the amount due on the mortgage to the mortgagee, and took from him a release of his claim on the land. By the sections of the statute above cited, the release from the mortgagee vested in the plaintiffs the mortgage estate and enables them to maintain this (real) action to recover possession of the property mortgaged.

As one step in the proof of this action the plaintiff produced in evidence an office copy of the mortgage together with the original note secured thereby. The copy, although objected to, was correctly received. The rule admitting copies of deeds in real actions applies with the same force to mortgages as it does to absolute deeds. The plaintiffs' claim is not directly under the mortgage, but under a deed from the mortgagee. A mortgage is a deed. The plaintiffs merely seek possession of the land, and the statute accords to them that right.

It appears from an inspection of the copy presented that the mortgage was executed for and in behalf of the defendants by some of its officers, and the defendants objected to its introduction in evidence without preliminary proof that such officers had authority to execute the instrument for their principals. The answer to this objection is that the instrument, although a

copy merely, proves itself. Due execution and delivery are presumed until something appears to show the contrary. *Whitmore* v. *Learned*, 70 Maine, 276. *Chamberlain* v. *Bradley*, 101 Mass. 188.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.