ELLISON ET AL. v. BRANSTRATOR.

[No. 18,066.   Filed July 7, 1899.   Rehearing denied Oct. 4, 1899.]

CORPORATIONS.—*Execution of Deed by Vice-President.*—Unless otherwise provided by statute, by the charter of the corporation, or its by-laws, the deed of a corporation may be executed as well by its vice-president as by its president, and when so executed, with other necessary formalities, it will be presumed that the vice-president had authority to act on behalf of the corporation.   *p. 148.*

SAME.—*Presumption as to Authority of Secretary to Affix Seal.*—The secretary of a corporation is the proper custodian of the corporate seal, and when he affixes it to a deed or other instrument, the presumption is that he did so rightfully by the direction of the corporation.   *p. 149.*

SAME.—*Record of Deed.—Description of Corporate Seal.*—The record of a deed purporting to be the deed of a corporation, and executed and recorded more than forty years ago, shows that there was a seal upon the instrument but does not describe it as the seal of the corporation.   The *testatum* clause of the deed states that the company had caused their corporate seal to be affixed, and the certificate of acknowledgment sets forth that the seal was affixed by authority of the board of directors.   *Held,* that the record sufficiently shows that the seal by which the deed was attested was the corporate seal.   *p. 149.*

DEED.—*Execution by Attorney in Fact.—Husband and Wife.*—Where a husband and wife execute a power of attorney to sell the real estate of the wife, but the manner of the conveyance to be executed by the attorney was not prescribed, a deed executed by such attorney in pursuance of the power thus granted him conveys the title of the wife, although the attorney in fact failed to insert in the deed, and subscribe thereto, the name of the husband ; it being apparent that the attorney intended to execute the power fully and effectually, and the purchase-money was received and retained by the husband and wife.   *pp. 150-155.*

SAME.—*Discrepancy Between Deed and Record.—Client Bound by Knowledge of Attorney.*—Discrepancies between a deed from N. and the record thereof will not avail subsequent purchasers from N., when one of the purchasers, who was also the attorney for the other purchaser, was shown the deed before purchasing.   *p. 155.*

EVIDENCE.—*Map.*—A new map made by a drainage company, and placed on file in the county auditor's office, is not admissible in evidence against one who does not derive title through such company.   *pp. 155, 156.*

Ellison *v.* Branstrator.

EVIDENCE.—*Failure to Introduce Maps Referred to by Witnesses.*— Testimony of witnesses cannot be stricken out because the party introducing it failed to introduce maps referred to by such witnesses, and which would have rendered the testimony more easily understood. *p. 156.*

SAME.—*Declarations of County Surveyor Contradicting Survey.* — A declaration of the county surveyor contradicting his official survey is not admissible in evidence. *p. 156.*

SAME.—*Lis Pendens Record.*—The *lis pendens* record is properly admitted as evidence showing redemption of certain lands from a judicial sale. *p. 156.*

SAME.—*Introduction of Evidence After Rebuttal.—Discretion of Court.* —The refusal of the trial court to permit the adverse party, after the rebuttal, to introduce further evidence on a subject which had been presented on both sides is not an abuse of the court's discretion. *p. 157.*

JUDGMENT. — *Amount of Damages. — Computation by Court from Special Verdict.*—The computation and insertion by the court of the amount of damages to which plaintiff is entitled under the special verdict, made during the term at which the verdict was returned, is proper. *p. 158.*

From the Wells Circuit Court. *Affirmed.*

*T. E. Ellison,* for appellants.

*Robert Lowry* and *Breen & Morris,* for appellee.

DOWLING, J.—Action by the appellee against the appellants to recover the possession of real estate and to quiet the title thereto. The complaint contained two paragraphs. There was a trial by a jury, a special verdict, and a judgment for appellee.

The errors discussed are, the overruling of the motion for a new trial, the rulings of the court in relation to the form of the judgment, and the rendition of judgment against the appellants.

It is insisted that the court erred in admitting in evidence a deed purporting to be executed by the Lake Erie, Wabash, and St. Louis Railroad Company. The objections made to this instrument were, that it appeared to have been executed by the vice-president of the company, instead of the president; that in such case the authority of the vice-president to

execute the instrument must be shown; and that this deed was not executed in the manner required by law.

In our opinion, none of the objections is well founded. Unless otherwise provided, by statute, the charter of the corporation, or its by-laws, the deed of a corporation may be executed as well by its vice-president as by its president, and when so executed, with other necessary formalities, it will be presumed that the vice-president had authority to act on behalf of the corporation. *Smith* v. *Smith*, 62 Ill. 493; *Colman* v. *West Virginia Oil, etc., Co.*, 25 W. Va. 148; *Lewis* v. *Albemarle, etc., R. Co.*, 95 N. C. 179; *Shaffer* v. *Hahn*, 111 N. C. 1, 15 S. E. 1033; *Sawyer* v. *Cox*, 63 Ill. 130; *Bowers* v. *Hechtman*, 45 Minn. 238, 47 N. W. 792; *Ballard* v. *Carmichael*, 83 Texas, 355, 18 S. W. 734.

In the case before us, the deed purported to be executed by the corporation, and to be attested by its seal. Its formal parts were as follows: "The Lake Erie, Wabash, and St. Louis Railroad Company, convey and warrant to Enos Pomeroy, of etc., * * * the lands and premises situate in the county of Allen, in the State of Indiana, described as follows, to wit: * * *

"In witness hereof the said Lake Erie, Wabash, and St. Louis Railroad Company, have caused their corporate seal to be hereunto affixed, and these presents to be signed by their vice-president, this 25th day of January, A. D. 1855.

"Signed, sealed, and delivered, in presence of (the word 'second' on 17th line written on, erased before delivery). Jno. M. Drummond, Secy.; I. C. Colton, Vice-President L. E. W. & St. Louis R. R. Co."                    (Seal.)

The deed was duly acknowledged by Isaac C. Colton in his official capacity as the vice-president of the railroad company, for and on the behalf of the company, and his affidavit that the seal of the company was affixed by the authority of the directors, was incorporated in the acknowledgment.

In a recent work on corporations it is said: "A very extensive principle in the law of corporations, applicable to

every kind of written contract executed ostensibly by the corporation, and to every kind of act done by its officers in its behalf, is that, where the officer or agent is the appropriate officer or agent to execute a contract, or to do an act of a particular kind, in behalf of the corporation, the law *presumes* a precedent authorization, regularly and rightfully made, and it is not necessary to produce evidence of such authority from the records of the corporation. Under the operation of this principle, a deed or mortgage, purporting to have been executed by a corporation, which is signed and acknowledged in its behalf by its president and secretary, will be presumed to have been executed by its authority." Thompson on Corp., §5029. See, also, *Nat. State Bank* v. *Vigo, etc., Bank,* 141 Ind. 352; *Gorder* v. *Plattsmouth, etc., Co.,* 36 Neb. 548, 54 N. W. 830; *New England, etc., Co.* v. *Farmington, etc., Co.,* 84 Me. 284, 24 Atl. 848; *Eureka, etc., Works* v. *Bresnahan,* 60 Mich. 332, 27 N. W. 524; *Malone* v. *Crescent City, etc., Co.,* 77 Cal. 38, 18 Pac. 858; *Means* v. *Swormstedt,* 32 Ind. 87, 2 Am. Rep. 330; *Pearse* v. *Welborn,* 42 Ind. 331; Devlin on Deeds, §343, and note.

The secretary of a corporation is the proper custodian of the corporate seal, and when he affixes it to a deed or other instrument, the presumption is that he did it by the direction of the corporation; and it devolves upon those who dispute the validity of the instrument to prove that he acted without authority. It is also presumed that the seal of the corporation was rightfully affixed to any deed or instrument on which it appears. *Evans* v. *Lee,* 11 Nev. 194; *Bowers* v. *Hechtman,* 45 Minn. 238, 47 N. W. 792; Thompson on Corp., §5106, and cases cited in note 5.

It is said in *Kelly* v. *Calhoun,* 95 U. S. 710, in speaking of a deed executed by a railroad company to which objection was made: "Instruments like this should be construed, if it can be reasonably done, *ut res magis valeat quam pereat.* It should be the aim of courts, in cases like this, to preserve and not to destroy. Sir Matthew Hale said they should be

astute to find means to make acts effectual according to the honest intent of the parties. *Roe* v. *Tranmarr*, Willes, 682."

It is contended, also, by appellants, that the record of this deed does not sufficiently show that the seal indicated in the record by the word "seal" was the corporate seal. It is reasonable to presume that the seal so indicated was the proper seal of the company, and the one referred to in the deed itself, and in the certificate of acknowledgment. The *testatum* clause of the deed stated that the company had caused their corporate seal to be affixed. The secretary signed and attested the deed. The certificate of acknowledgment set forth that the seal was affixed by the authority of the board of directors. The record shows that there was a seal upon the instrument, but it does not describe it as the seal of the corporation.

The accuracy of the copy or description of a seal entered upon a public record depends largely upon the skill and intelligence of the officer who copies the instrument, and extreme particularity in regard to the manner in which this part of his duty should be performed would oftener work hardship than promote the ends of justice. We are not disposed to lay down a rule of this character.

The deed in question was executed and recorded more than forty years before the trial of this cause, and its validity is not shown to have been denied by the railroad company. Upon a faithful reading of the whole instrument from its commencement to its end, we think it clear that it was well executed, and that it was properly admitted in evidence.

It is next claimed that the court erred in permitting the appellee to introduce in evidence the record of a power of attorney executed by Emily Brockway, Lathrop Brockway, the husband of the said Emily, Elizabeth J. Norton, and Sarah Pomeroy, to Henry P. Norton, authorizing the latter as their agent and attorney to sell and convey certain lands in Allen county, Indiana, and also in admitting in evidence.

Ellison *v.* Branstrator.

a deed made to the appellee by the said Henry J. Norton as such agent and attorney, and on his own behalf.

No defect in the power of attorney is pointed out, and we can discover none. It is objected that the deed executed by Henry P. Norton as the agent and attorney of Emily Brockway, Elizabeth J. Norton, and Sarah Pomeroy is void as to the said Emily Brockway, and as to all the other parties named as principals and grantors therein, because of the omission of the name of Lathrop Brockway, the husband of Emily Brockway, in the granting clause, and in the signatures.

At the time of these transactions a married woman was authorized by statute in this State to join with her husband in the execution of a power of attorney for the conveyance of lands situated in Indiana. R. S. 1853, p. 232, §3369 Burns 1894.

The power of attorney executed by Emily Brockway and her husband, to Henry P. Norton, was in due form, and conferred upon the attorney and agent, full and effectual authority to sell and convey the lands described. It declared that the said Henry P. Norton was to act for them, and in their names, place, and stead, to sell and convey the lands described, and to execute and deliver full and complete conveyance thereof. It gave to the attorney and agent, power and authority to do and perform all and every act and thing whatever requisite and necessary to be done in and about the premises; and it ratified and confirmed all that the said agent and attorney should lawfully do. This power of attorney was properly acknowledged by Brockway and his wife, and by the other parties to it, and it was duly recorded in the office of the recorder of Allen county.

In pursuance of the power so conferred, the agent and attorney sold the lands of the wife described in the instrument, for a valuable consideration, which was received by him as the agent of the husband and wife; a deed was executed by the donee of the power in the name of the wife,

and as her agent, but the name of the husband, Lathrop Brockway, was not inserted in, or subscribed to the deed by the agent, as it should have been.   It should be observed that there was nothing in the power of attorney prescribing the form or manner of the conveyance to be executed by the agent.   It is evident that there was here an imperfect execution of a power.

. In this State a married woman could convey or encumber her lands only by deed in which her husband joined.   Her separate deed was absolutely void.   *Baxter* v. *Bodkin*, 25 Ind. 172; *Stevens* v. *Parish*, 29 Ind. 260; *Cook* v. *Walling*, 117 Ind. 9, 2 L. R. A. 769.

The power of a married woman to alienate her separate real estate being of statutory origin, and in derogation of the common law which deprived her of all control over her lands, it has been held that unless the statute is strictly pursued, the attempted execution of the statutory power to alien is void.   *Martin* v. *Dwelly*, 6 Wend. 9, 21 Am. Dec. 245; *Carr* v. *Williams*, 10 Ohio,. 305, 36 Am. Dec. 87; *Bressler* v. *Kent*, 61 Ill. 427; *Baxter* v. *Bodkin*, 25 Ind. 172; *Stevens* v. *Parish*, 29 Ind. 260.

Upon similar grounds, courts in many cases have declined to correct mistakes in deeds executed by married women, but in the more recent decisions a strong tendency is manifested to apply to cases of this character the enlightened principles of equity jurisprudence, and where the intent of the parties is evident, and the right clear, to decree the necessary reformation of the defective instrument, or to treat it as made.

In *Collins* v. *Cornwell*, 131 Ind. 20, the name of the husband was omitted from the conveying clause of a mortgage upon the lands of his wife.   It was held that the mortgagee might have the mortgage reformed.

In *Parish* v. *Camplin*, 139 Ind. 1, the names of both husband and wife were left out of the granting clause of the deed.   Reformation was decreed.

In *Travellers Ins. Co.* v. *Noland*, 97 Ind. 217, the name of the wife was omitted in the granting clause. The court· held the deed valid, and directed that the omission be supplied.

So, too, it has been held in this State, that mistakes in the description of land intended to be conveyed by married women may be corrected. *Dunn* v. *Tousey*, 80 Ind. 288; *Carper* v. *Munger*, 62 Ind. 481; *Styers* v. *Robbins*, 76 Ind. 547; *Hamar* v. *Medsker*, 60 Ind. 413.

In the present case no mistake was made by the married woman or by her husband, and the instrument executed by them conformed strictly to the requirements of the law. The defect, if any exists, is in the execution of the power by the donee, and consists, only, in the omission of the name of the husband, Lathrop Brockway, in the deed executed by Henry P. Norton, the agent and attorney under the power. This deed was executed and acknowledged in the state of. New York. It may well be supposed that the agent and attorney who executed the instrument, was ignorant of the law of Indiana, which required the husband to join in a deed of the lands of the wife, and supposed the deed to be well executed by him in the name of the wife alone.

Ignorance of foreign law is generally deemed to be ignorance of fact, because no person is presumed to know the foreign law, and it must be proved as a fact. Story's Eq. Juri., §140 (9th ed.), and cases cited in note 3:

Some of the general principles applicable to the imperfect execution of powers are these: Relief by way of reformation or correction will be granted where an attempt is made to execute the power, but there is a defect in the mode of execution,—as where the power ought to be executed by deed, but is executed by will; or where the instrument is required to be attested by three witnesses, but is attested by two. It is said that if a testamentary instrument was required by the power to be executed and attested in a particular form, yet an instrument testamentary in the execution of the power, wanting

wholly the forms of signature and attestation, would have been a good execution in equity for a favored object. If the instrument was of the character required, and there was a clear intention that it should operate as an appointment, equity, in favor of certain objects, supplied all defects in the form of the instrument. Even where the subject of the power was real estate, this relief was afforded as well where the defective instrument was a will, as where it was an act *inter vivos.*

Where the donee's execution of the power entrusted to him is defective because of his failure to conform to the directions of the donor in the instrument creating the power, a court of equity will interpose in favor of the parties to whom the person entrusted with the execution of the power is under a moral or legal obligation to provide by the execution of the same, unless such action on the part of the court would be inequitable to other persons, or is repelled by some counter equity.

Where a party undertakes to execute a power, but through mistake, ignorance, and the like, does it imperfectly, equity will interpose for the purpose of carrying into effect his intention, and in aid of those who are peculiarly within its protective favor. Sugden on Powers, (3rd Am. ed.) 111; Story's Eq, Juri., (9th ed.) §§97, 98; Washburn on Real Property, §676; Kerr on Real Property, §§1867, 1868; Pomeroy's Eq. Juri., §§589, 590, 834.

A *bona fide* purchaser for a valuable consideration, a wife, and a legitimate child are generally referred to as examples of the class of persons who come within the protection of these rules.

Applying the foregoing principles to the question before us, we hold that the deed executed by Henry P. Norton as the agent and attorney of Emily Brockway and Lathrop Brockway, the husband of the said Emily, in pursuance of the power granted to such agent by them to sell and convey the land, the purchase-money having been paid to, and re-

tained by these parties, and the intent fully and effectually to execute the power according to its terms and legal effect being apparent, was sufficient to convey, and did in fact, convey to the grantee therein, all of the title, interest and estate of Emily Brockway in the land described, to the same extent and as effectually as if the name of the husband, Lathrop Brockway, had been inserted in and subscribed to the deed by their joint attorney in fact.

We are confirmed in our views by a recent decision of the Supreme Court of the United States, in the case of *Williams* v. *Paine*, 169 U. S. 55, 18 Sup. Ct. 279, which in some degree involves the application of the principles herein referred to, and presents many points in common with the present controversy. In that case the only name subscribed to the deed executed under the power was that of the agent. Independently of the effect of the act of Congress upon the defective execution of the deed, we think the reasoning of the court lends a strong support to the conclusion announced by us in this case. See, also, *Blagge* v. *Miles*, 1 Story 426; *Dentzel* v. *Waldie*, 30 Cal. 138; *Tollett* v. *Tollett*, 1 Leading Cases in Equity 227, and notes.

No advantage can be taken by appellants of the discrepancies between the original deed and the record of the same, for the reason that before the appellants attempted to acquire the title of Henry P. Norton to the land in controversy, Thomas E. Ellison, one of the appellants here, and the attorney of the other appellant, was shown the original deed executed by Henry P. Norton to appellee, conveying to appellee all of his interest in the land. Under the circumstances of this case we think that the knowledge of the attorney was sufficient to charge his client, who was also his brother, and who was closely associated with him in the transactions relating to the premises in dispute, with notice of the contents of the deed.

It is contended, in the next place, that the court should have permitted the appellants to introduce the map, made

by the Little River Drainage Company, and placed on file in the office of the auditor of Allen county. This was not an ancient map, and as it was not made by the appellee, or by any person through whom he derived title, he was not bound by it. The ruling of the court excluding it was correct.

There was no error in the refusal of the court to admit in evidence the tracing of a map made by one William Paul, Jr. The original could not have been used to affect the title of appellee. If the original had been competent proof, an unofficial tracing or copy could not have been introduced in evidence with any greater propriety than an unofficial or unauthenticated copy of a deed, mortgage, or other written instrument.

The rulings of the court upon the motion to strike out parts of the testimony of the witnesses, Huntoon and Goshorn, were correct. Their statements were to be taken for what they were worth, and the failure of the appellee to introduce a map referred to by them, and which, perhaps, would have rendered their testimony more easily understood, did not destroy the competency of that testimony, or justify the court in striking it out.

No error was committed in excluding the evidence of a conversation with the surveyor, Wilt. Its object was to show that a tree adopted and marked by the surveyor as a monument upon the line established by him, was, in fact, some distance from the true line. The proposed declaration contradicted the official act and survey, and we think no error was committed in sustaining the objection to it.

The next points made by the appellants relate to the redemption by appellee of certain lands from a judicial sale, and the admission by the court of the *lis pendens* records, as evidence of such redemption. As the owner of the land sold, appellee had the right, under the statute, to redeem from such sale, to the extent of his interest in the real estate sold. He exercised this right within the time and in the manner prescribed by the statute. The *lis pendens* record

was competent evidence, and the proof of the sale and the redemption from the same was properly admitted.

Appellants next complain of the refusal of the court to permit the introduction of further evidence by them, after the appellee had finished his rebutting evidence. The objection was made that the evidence came too late, and that the subject had already been gone into by appellants. We find in the ruling of the court no abuse of the discretion which must always be exercised in such cases. The statute provides, that the party on whom rests the burden of the issues must first produce his evidence. The adverse party must then produce his evidence, which may then be rebutted. §542, subd. 3, Burns 1894.

The parties had introduced their evidence in the order named in the statutes, and each had been allowed the opportunity to bring before the court and jury all the facts relied upon to sustain the action and defense. The subject referred to had been presented by both sides, and there was no occasion for the introduction of further evidence on behalf of appellants.

The appellants moved to strike out each of the interrogatories submitted by the appellee, and the overruling of this motion was one of the grounds for a new trial. We have examined the interrogatories, and we cannot say that the action of the court was erroneous.

We are asked to reverse the judgment upon the evidence. A careful reading discloses many points of conflict, but, upon the whole, the evidence strongly supports the special findings of fact, and under the established rule of this court we cannot weigh it.

Upon the facts found by the jury the court could not do otherwise than render judgment for the appellee, and the motion for judgment in favor of appellants was properly overruled.

We find no error in the form of the judgment. Whatever rights the appellants have in the land by reason of the

sale for taxes are preserved and protected by the decree. This form of judgment is not improper, and has frequently been approved by this court.

The computation and insertion by the court of the amount of the damages to which appellee was entitled under the special verdict, made during the term at which the verdict was returned, was not an improper proceeding, and the amount so inserted is sustained by the verdict.

Finding no error in the record, the judgment herein is affirmed.