J. C. HUNT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19888.   Promulgated April 12, 1929.

*Harry C. Weeks, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

Love: We are of the opinion that the waiver executed on behalf of the Refining Company, a Texas corporation, by the former president and attested by the former assistant secretary, which corporation was legally dissolved more than three years before the waiver was signed, is invalid and ineffectual to suspend the running of the statute of limitation, and that the proposed assessment against the petitioner as transferee is barred.

Chapter 8, Title 32, of the Revised Civil Statutes of Texas, 1925, provides:

ART. 1388. Liquidation by officers. Upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president, and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property. Said trustees shall be severally responsible to

the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands. (Vernon's Revised Civil Statutes, 1925, Vol. 3, pp. 244, 245.)

ART. 1389. Extension of existence. The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation. (*Id.* pp. 247, 248.)

We give little weight to the contention of the petitioner that the waiver is void because executed only by Hunt and not by all seven of those who had been directors and, subsequently, under the law, trustees of the corporation. In signing the waiver, Hunt did not hold himself out as one of the trustees for the corporation. He signed as " President " and, by presumption, as one of its directors. In *United States* v. *Kemp* (C. C. A., 5th Cir.), 12 Fed. (2d) 7, the court said:

When the president and secretary of the board of directors act, and it is not shown that the other directors protested or objected, the presumption may be indulged that they acquiesced.

See also *American Feature Film Co.*, 11 B. T. A. 1271.

No such protest or objection is shown in the case under consideration. In fact, it appears that so far as they may have been consulted at all, they concurred, or at least failed to object. The petitioner upon the witness stand was asked in direct examination:

Q. Did you or didn't you consult your fellow directors?

A. I do not know whether I did or not. If I had I would not have consulted over one or two if I consulted any.

In view of this, the presumption of acquiescence, if such acquiescence were necessary, is strong, and were there no other considerations we might be inclined to support the contention of the respondent upon this issue, even though the petitioner executed the waiver upon his own initiative and without consulting any of his former fellow directors. But those other considerations are, in our opinion, of much greater weight.

The Texas statutes provide that the existence of any corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty to settle up its affairs, but there is no statutory provision for the continued existence of the corporation for any purpose whatever beyond the three-year period unless a receiver be appointed by the court for the purpose of such settlement. In every other case and under all other circumstances, it appears, we think, that the corporation is dead, at least so far as its power and therefore necessarily the power of its trustees to originate new acts or enter into new

agreements of any kind is concerned. It has been so held by the courts of Texas and of other States as well, and we have found nothing to the contrary where the circumstances were as they are here.

Counsel for the respondent in this case invokes the doctrine of estoppel and argues that since this very footnote provides that the waiver " must be signed by such officer or officers of the corporation as are empowered under the laws of the state in which the corporation is located to sign·for the corporation," the Commissioner was warranted in assuming that the waiver of June 23, 1924, was a valid document. In view of the obvious defect in the instrument, we can not concur that he was so warranted.

The waiver of March 11, 1925, extending the time for assessment until December 31, 1925, not only lacks the corporate seal as required, but bears the notation: " Company long since out of business & corporate seal lost." A company may be " long since out of business " and still maintain its corporate existence, but we think that in view of the declaration that it had been long out of business and that this was the second waiver received without a seal, the Commissioner, if he were not before, was then certainly on notice of an irregularity of some kind that required immediate investigation. Such a timely investigation would inevitably have disclosed the situation, which on this point, at least, might have been saved.

In any event, there is nothing to indicate that the Commissioner did not know that the corporation had been legally dissolved or that he was in any wise misled by any representations of petitioner.

In *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257, the court said:

It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect (citing authorities). It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law, abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice*. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes, it is necessary that there should be some statutory authority for the prolongation.

At the time the consent here involved was executed, the life of the Refining Company had completely expired, and under the three-year limitation statute of the State there remained in the trustees no authority to execute a valid consent. Cf. *S. Hirsch Distilling Co.*, 14 B. T. A. 1073, in which we held that a proceeding for and on behalf of a wholly dissolved corporation could not be prosecuted before this Board.

We are of the opinion that the waiver signed by Hunt was invalid and therefore did not suspend the running of the statute of limitations for assessment and collection of the tax of the corporation. The statute of limitations expired in August, 1924; the tax was not assessed until June, 1925. The notice of the Commissioner's determination of petitioner's liability for the deficiency in the tax of the corporation was mailed to him August 6, 1926, more than one year after the expiration of the time for assessment against the taxpayer corporation.

In view of this decision it is not necessary to pass upon the remaining issues raised by the petitioner.

Reviewed by the Board.

> *Judgment will be entered holding the deficiency here in controversy barred by the statute of limitations.*

PHILLIPS, SMITH, and ARUNDELL dissent on the ground that the petitioner has, by his acts, estopped himself to deny that the waiver was valid to extend the statute.