RUBY Y. LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADDAVALE Y. COSTLETTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HATTIE B. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. F. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52501, 52543–52545.   Promulgated October 6, 1933.

*Thos. D. Meares, Esq.,* for the petitioners.
*Arthur Clark, Esq.,* for the respondent.

### OPINION.

SMITH: These proceedings involve the liability of the petitioners as transferees of the assets of the Wilson Investment Co. for unpaid income taxes of the company for the year 1924 in the amount of $2,158.33. The proceedings were consolidated for hearing. The essential facts and the question at issue are clearly set forth in the following stipulation filed by the parties:

1. The Wilson Investment Company, hereinafter referred to as the Company, was incorporated under the laws of the State of North Carolina on March 15, 1924.

2. The Company on October 27, 1925, duly filed in the office of the Secretary of State of the State of North Carolina an affidavit of the publication of the preliminary certificate of its dissolution and was thereafter duly dissolved.

3. The Company filed its income tax return for the period beginning March 15, 1924, and ending December 31, 1924, on March 15, 1925. No return was filed by the Company for any other period.

4. On or about March 6, 1929, a consent in writing purporting to extend the period of limitations within which assessment and collection of tax here in controversy could be made was executed. A copy of said consent is attached hereto and marked Exhibit I and made a part hereof. Said consent was signed by the persons whose signatures appear thereon or about the date shown thereon.

5. At the time said consent in writing was executed the respondent had no express notice of the dissolution of the Company. Accordingly, he accepted the

said consent and delayed his action with respect to making assessment of 1924 income taxes due from the Company.

6. W. B. Young who signed the consent as president of the Company, was at the time of dissolution of the Company, its duly authorized and acting president. H. B. Young who attested the consent as secretary of the Company and placed thereon its corporate seal, was at the time of dissolution of the Company, its duly authorized and acting secretary. Said H. B. Young is the Mrs. Hattie B. Young who is one of the petitioners in this proceeding, Docket No. 52544.

7. Subject to the right of the petitioners to contest the validity of said consent, it is stipulated and agreed that there is now due and owing to the United States, from the Company, corporation income taxes for the period beginning March 15, 1924, and ending December 31, 1924, in the amount of $2,158.33 plus interest thereon as provided by law.

8. It is further stipulated and agreed, subject to the right of the petitioners or any of them to contest the validity of said consent, that the petitioners are liable jointly and/or severally as transferees of the Company within the meaning of Section 280 of the Revenue Act of 1926 and as such are liable for a deficiency in the amount of $2,158.33 income taxes for the year 1924 plus interest thereon as provided by law.

As appears from the above stipulation, the liability as transferees of the petitioners in these proceedings depends upon the validity of the income tax waiver executed on behalf of the dissolved corporation on March 26, 1929. It is stipulated that each petitioner is liable as a transferee of the assets of the corporation for the full amount of the deficiency determined against the corporation if the waiver is held to be valid.

In his brief the respondent concedes that as to the petitioners Ruby Y. Lloyd, Addavale Y. Costlette and W. F. Young, the waiver is invalid because at the time it was executed the statutory three-year period following the dissolution of the corporation, during which the officers were authorized to act for it under the provisions of sections 1182 and 1193, North Carolina Code, 1927, had elapsed and the officers were without authority to bind the corporation. The respondent submits, however, that the waiver is valid as to the petitioner Hattie B. Young, who is estopped from denying its validity because as an officer of the corporation she was a party to its execution. The respondent has filed an amended answer affirmatively pleading the estoppel.

As authority for his position the respondent cites *Lucas* v. *Hunt*, 45 Fed. (2d) 781, in which the Circuit Court of Appeals for the Fifth Circuit held, reversing 15 B.T.A. 1388, that where a liquidator for a dissolved corporation, formerly president of the corporation, signed a waiver extending the time for assessment of taxes against the corporation after the expiration of the statutory three-year period during which the officers could legally act for the corporation under the laws of Texas, he, the president, was estopped from deny-

ing the validity of the waiver and was liable as a transferee for the unpaid taxes. In its opinion the court said:

If the waiver was valid, then it is rightly conceded by counsel for Hunt that the assessment was not barred; but it is contended on h's behalf that, the time within which he was authorized to act as liquidator having expired, the waiver had no binding force or effect. We are of opinion that Hunt by signing the waiver estopped himself to question its val dity, with the result that he was bound to respond to the assessment to the extent of funds in his hands which belonged to the dissolved corporation taxpayer. The circumstances all show that the commissioner relied on the waiver and is therefore entitled to claim the equitable estoppel asserted by counsel in his behalf.

The waiver was executed before the assessment was barred; w'thout it the commissioner in the performance of his duty would have made the assessment within the statutory period. The very purpose he had in mind in requiring an extension of time was to make an assessment after the statutory period of limitation had run. It manifestly would be asking too much to requ re the commissioner in every case of waiver to testify positively from memory that he relied on the taxpayer's agreement.

The facts in that case are identical with those in the instant proceeding, Docket No. 52544, except that the petitioner here signed and executed the waiver, placing the corporate seal thereon, as secretary of the dissolved corporation rather than as president, the president having also signed on behalf of the corporation. It is our opinion that this is not a material difference and that the same principle followed in that case should apply here. The petitioner Hattie B. Young, who signed and attested the waiver as secretary of the corporation, was as much a party to its execution, we think, as was the president, who also signed it. In *Bowers* v. *Hechtman*, 45 Minn. 238; 47 N.W. 792, the court, commenting on the attestation of a corporate instrument by the secretary of the corporation, said:

The secretary who attested the execution of the instrument, and affixed the corporate seal to it, was not a mere subscribing witness, as respondent assumes. He, as much or more than the vice-president, executed the instrument in behalf of the corporation. In fact, the officer or agent who, in behalf of the corporation, affixes the common seal to an instrument, is, in the absence of any statutory provision, deemed the party executing it. He also stands in the relation of a subscribing witness to the execution of the deed by the corporation, and is the proper party to be examined or to make affidavit to prove that the seal affixed by him was the corporate seal, and that it was affixed by authority of the board of directors. *Lovett* v. *Association*, 6 Paige, 60; *Kelly* v. *Calhoun*, 95 U.S. 710. * * *

It is to be noted that the waiver in the instant case expressly provides on its face that:

If this consent is executed on behalf of a corporation, it shall be signed with the corporate name, followed by the signature and title of such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed. Where the corporation has no

seal, the consent must be accompanied by a certified copy of the resolution passed by the board of directors, giving the officer authority to sign the consent.

We are of the opinion that the petitioner Hattie B. Young having signed the waiver and affixed the corporate seal as secretary, is estopped to deny the validity of the waiver on the grounds set forth; viz., that the subscribing officers were without authority to act for the corporation. In accordance with the matters stipulated, petitioner Hattie B. Young is liable as transferee for the unpaid taxes of the corporation in the amount asserted by the respondent. The other petitioners herein, Ruby Y. Lloyd, Addavale Y. Costlette and W. F. Young, are not liable as transferees for any of the amounts asserted against them.

> *Judgment will be entered for the petitioners in Docket Nos. 52501, 52543 and 52545, and for the respondent in Docket No. 52544.*