BARBADOS # 7 LTD., BAJAN SERVICES, INC., TAX MATTERS PARTNER, ET AL.,[1] PETITIONER *v.* COMMMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 31399-87, 31400-87, 31401-87.     Filed April 17, 1989.

---

[1]The following cases are consolidated herewith: Barbados #8 Ltd., Bajan Services, Inc., Tax Matters Partner, docket No. 31400-87, and Barbados #9 Ltd., Bajan Services, Inc., Tax Matters Partner, docket No. 31401-87.

*Stanley Hagendorf,* for the petitioner.
*William A. Heard III,* and *R. Alan Lockyear,* for the respondent.

## OPINION

SCOTT, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[2] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* These cases came before the Court on petitioner's motions for summary judgment and petitioner's motions to dismiss for lack of jurisdiction. The issues for decision are (1) whether these cases must be dismissed for lack of jurisdiction for respondent's alleged failure to mail the notices of final partnership administrative adjustment to the tax matters partner; and (2) whether petitioner is entitled to a summary adjudication that the 3-year statute of limitations expired prior to the issuance of the notices.

Bajan Services, Inc. (Bajan) is the sole general partner of Barbados # 7, Ltd., Barbados # 8, Ltd., and Barbados # 9, Ltd. (the partnerships). All three partnerships filed their 1983 partnership returns on or before April 15, 1984. At the

---

[2]This case was assigned pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code and all rule references are to the Tax Court Rules of Practice and Procedure.

same time the returns were filed, Bajan was designated as the tax matters partner for each partnership. Bajan filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of Utah on August 1, 1985. Respondent received notice of Bajan's bankruptcy. On January 5, 1987, Bajan executed an agreement in writing to extend the time for assessment of tax due for the 1983 taxable year of the partnerships. The partnerships did not file a statement under section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), authorizing Bajan to extend the time for assessment.

On June 22, 1987, duplicate original notices of final partnership administrative adjustment for the taxable year 1983 were issued to Barbados #7, Ltd., and Barbados #8, Ltd. On July 13, 1987, duplicate original notices for the taxable year 1983 were issued to Barbados #9, Ltd. The duplicate original notices for each of the three partnerships were addressed as follows:

1) Tax Matters Partner
   Barbados [number], Ltd.
   4424 South 700 East
   Salt Lake City, UT 84107

2) Bajan Services, Inc.
   Tax Matters Partner
   4424 South 700 East
   Salt Lake City, UT 84107

In addition, pursuant to a power of attorney, a copy of the notice of final partnership administrative adjustment for each partnership was sent to counsel for petitioner at counsel's New York City office address.

Bajan was discharged in bankruptcy on August 7, 1987. On August 14, 1987, Bajan, as sole general partner, designated itself tax matters partner of the partnerships. Bajan filed the petitions herein on September 17, 1987. At the time it filed the petitions, Bajan's principal office was in Salt Lake City, Utah.

*Petitioner's Motions to Dismiss for Lack of Jurisdiction*

Bajan argues that respondent did not mail the notices of final partnership administrative adjustment to the tax matters partner as required by sections 6223(a)(2) and 6226. In this regard, Bajan states that it had ceased to be tax matters partner as of August 1, 1985, the date it filed its petition in bankruptcy. Respondent argues that he properly issued the notices of final partnership administrative adjustment to the "Tax Matters Partner" at the address of the partnerships.

Section 301.6223(a)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987), provides as follows:

For purposes of subchapter C of chapter 63 of the Code, a notice is treated as mailed to the tax matters partner on the earlier of—

(1) the date on which the notice is mailed to "THE TAX MATTERS PARTNER" at the address of the partnership (as provided on the partnership return * * * ), or

(2) the date on which the notice is mailed to the person who is the tax matters partner at the address of that person (as provided on the partner's return * * * ) or the partnership. * * *

Under this regulation, respondent has issued a valid notice of final partnership administrative adjustment if he sends it to the "Tax Matters Partner" at the address of the partnership. Respondent need not know the identity of the tax matters partner in order to issue a valid notice of final partnership administrative adjustment. This regulation is clearly consistent with the intent of Congress as demonstrated by the Conference Committee report, which provides as follows:

Since the identity of the TMP may not be known to the Secretary, mailing of any notice in care of the tax matters partner at the address where the partnership business is carried on will constitute mailing of the notice for purposes of determining whether other requirements imposed on the Secretary are complied with or whether any action, such as mailing notices to other partners, is timely taken. [H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663.]

In this case, respondent issued a notice for each partnership to Bajan, which had in the past acted as tax matters partner for the partnerships. However, respondent issued a duplicate original notice for each partnership addressed to

the "Tax Matters Partner." Even if the notices addressed to Bajan were not valid notices of final partnership administrative adjustment, as Bajan contends, the duplicate original notices issued to the "Tax Matters Partner" and sent to the address of the partnerships were valid notices of final partnership administrative adjustment under section 301.6223(a)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987); *Chomp Associates v. Commissioner*, 91 T.C. 1069 (1988). Accordingly, petitioner's motions to dismiss for lack of jurisdiction will be denied.

## *Petitioner's Motions for Summary Judgment*

Rule 121 provides that a party may move for summary judgment upon all or part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982).

Bajan argues that it is entitled to summary judgment because the period of limitations had expired with respect to any assessments prior to the date the notices of final partnership administrative adjustment were issued. Section 6229(a) provides for a 3-year limitation period for the assessment of any tax attributable to a partnership item. The period for assessment may be extended with respect to all partners by an agreement between the Secretary and the tax matters partner or "any other person authorized by the partnership in writing to enter into such an agreement." Sec. 6229(b)(1)(B).

Respondent argues that Bajan, on January 5, 1987, executed extensions of the period of limitations on behalf of the partnerships and that such extensions had not been terminated at the time the notices of final partnership administrative adjustment were issued. Bajan counters that the extensions were not valid because, at the time they were executed, the designation of Bajan as tax matters partner had terminated by reason of Bajan's filing of a petition in

bankruptcy. Since there is no genuine issue of material fact in dispute, consideration of summary judgment based on the statute of limitations defense raised by Bajan is appropriate.

Respondent has conceded that Bajan's designation as tax matters partner was terminated by virtue of its filing a petition in bankruptcy. Secs. 301.6231(a)(7)-1T(*l*)(4) and 301.6231(c)-7T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792-6793 (Mar. 5, 1987); *Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198, 206 (1987). Nevertheless, respondent contends that Bajan was "redesignated" tax matters partner of the partnerships under the regulations, which provide that the tax matters partner for a partnership taxable year shall be determined under paragraph (m) of the regulations if:

> The partnership has designated a tax matters partner under this section for that taxable year, that designation has been terminated under paragraph (l) of this section, and the partnership has not made a subsequent designation under this section for that taxable year.

Sec. 301.6231(a)(7)-1T(m)(1)(ii), Temporary Proced. & Admin. Regs. Under paragraph (m)(2), the tax matters partner for any taxable year to which paragraph (m) of the regulation applies "is the general partner having the largest profits interest in the partnership at the close of that taxable year." Sec. 301.6231(a)(7)-1T(m)(2), Temporary Proced. & Admin. Regs. Respondent consequently maintains that Bajan was necessarily "redesignated" the tax matters partner under paragraph (m)(2), since it was the only general partner at the time it filed bankruptcy and thereafter. We do not agree.

Section 301.6231(a)(7)-1T(m)(3), Temporary Proced. & Admin. Regs., provides that a designation of a tax matters partner made under paragraph (m) shall remain in effect "until the earlier of the occurrence of one or more of the events described in paragraph *(l)* (1) through (4) or the day on which a designation under paragraph (d), (e), or (f) of this section becomes effective." Thus, the very same event (viz, the bankruptcy) which terminated pursuant to paragraph *(l)* the designation of Bajan as tax matters partner made by the partnership would also terminate pursuant to paragraph (m)(3) the designation of a tax matters partner made under

paragraph (m). Accordingly, it would make no sense for the regulation to operate pursuant to paragraph (m) to "redesignate" as the tax matters partner the same general partner whose designation was terminated under paragraph *(l)*. This proposition is supported by the remaining provisions of paragraph (m)(3).

Paragraph (m)(3) further provides that if a designation of a tax matters partner for a partnership taxable year is terminated under that paragraph, and the partnership has not designated a new tax matters partner, the tax matters partner for that taxable year shall be determined by applying the largest-profits-interest provision of paragraph (m)(2). For purposes of the determination under paragraph (m)(2), the general partner whose designation was terminated "shall be treated as having no profits interest in the partnership for that taxable year." Sec. 301.6231(a)(7)-1T(m)(3), Temporary Proced. & Admin. Regs. This provision is clearly aimed at preventing the "redesignation" under paragraph (m)(2) of a general partner whose designation as tax matters partner has been terminated under paragraph (m)(3). Although it might be argued that the lack of a similar provision applying to a tax matters partner appointed by the partnership whose designation is terminated under paragraph *(l)* means such a partner may be "redesignated" tax matters partner under paragraph (m)(2), interpreting the provision in this way leads to an inconsistency in the regulations.

In *Computer Programs Lambda, Inc. v. Commissioner, supra,* we approved the regulation terminating a partner's designation as tax matters partner upon the filing of a bankruptcy petition. The same considerations exist whether the tax matters partner was designated by the partnership or designated under paragraph (m)(2), and we see no reason to treat one differently from the other. The rationale against permitting a tax matters partner in bankruptcy to continue in that capacity is just as compelling in either case. Respondent's interpretation of the regulations is thus confounded by the contradictory provision in the last sentence of paragraph (m)(3).

The most important reason to reject respondent's interpretation of the regulations is that to adopt it would

frustrate the operation of the statute as Congress intended. The role of the tax matters partner in the unified partnership audit and litigation procedures led us to conclude in *Computer Programs Lambda, Inc. v. Commissioner, supra,* that a partner's designation as tax matters partner is properly terminated when the partner files a petition in bankruptcy.

The detailed statutory procedures for partnership level audits and litigation contemplate the continual presence of one tax matters partner, and the procedures cannot operate unless the tax matters partner is capable of acting on the partnership's behalf regardless of his personal tax posture. * * *

If the tax matters partner were prohibited from acting in that capacity because he was a debtor in a bankruptcy proceeding, the partnership proceeding could not go forward as to any of the partners. * * * The Secretary * * * has correctly provided by regulations for the termination of a partner's designation as tax matters partner upon the filing of a bankruptcy petition.

[*Computer Programs Lambda, Inc. v. Commissioner, supra* at 205, 206.]

The same considerations which compel termination of a bankrupt partner's designation as tax matters partner weigh against interpreting the regulation to "redesignate" such a partner as tax matters partner under paragraph (m)(2). The statute itself indicates that Congress recognized that the largest-profits-interest provision could not be applied in every case, and that Congress intended that a tax matters partner be selected by the Secretary where designation under the largest-profits-interest provision is not feasible.

Section 6231(a)(7) provides that:

The tax matters partner of any partnership is—

(A) the general partner designated as the tax matters partner as provided in regulations, or

(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

There is no situation more impracticable for application of subparagraph (B) than the case presented by the facts here, where there is a sole general partner whose designation as tax matters partner has been terminated by bankruptcy. Congress specifically provided a mechanism for determining a new tax matters partner where it is impracticable to apply the largest-profits-interest rule. Consequently, respondent's interpretation of the regulations must be rejected as contrary to the intent of Congress as expressed in the statute.

Respondent also contends that Bajan, as sole general partner of the Barbados limited partnerships, could extend the period for assessment on their behalf. Section 6229(b)(1)(B) provides that the period for assessing any tax attributable to a partnership item may be extended before the expiration of such period by an agreement between the Secretary and "any other person authorized by the partnership in writing to enter into such an agreement."[3]

Respondent correctly points out that a partnership can act only through its general partners. Bajan, however, had no authority to act for the partnerships at the time it executed the consents to extend the period for assessment. Under Utah law, the dissolution of a partnership is caused by the bankruptcy of any partner or the partnership.[4] Dissolution of a partnership terminates all authority of any partner to act for the partnership, except insofar as such agency and implied powers may be necessary to the winding up of the partnership's affairs or to complete transactions begun but not yet finished.[5] Finally, as in other States which have adopted the Uniform Partnership Act, a partnership is not bound by any act of a partner after dissolution where the partner is bankrupt, regardless of the fact that the party with whom the partner dealt had no notice of the dissolution.[6] Bajan was thus without author-

---

[3]We will assume for purposes of this opinion only, and without deciding, that Bajan, as sole general partner, need not have authorized itself in writing to extend the limitation period on behalf of the limited partnerships, as required by sec. 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987).

[4]Utah Code Ann. sec. 48-1-28(5) (1981). The provisions of the Utah Code cited herein apply to limited partnerships. Utah Code Ann. sec. 48-1-3 (1981).

[5]Utah Code Ann. sec. 48-1-30 (1981).

[6]Utah Code Ann. sec. 48-1-32 (1981) provides:

Power of partner to bind partnership to third persons after dissolution.* * *

*     *     *     *     *     *     *

ity to act for the partnerships when it executed the consents to extend the periods for assessment, and the waivers were invalid. Cf. *Pottash Bros. v. Burnet,* 50 F.2d 317 (D.C. Cir. 1931), modifying and affg. 12 B.T.A. 190 (1928); *Adelman v. United States,* 304 F.Supp. 599 (C.D. Cal. 1969), affd. 440 F.2d 991 (9th Cir. 1971). Accordingly, since the 3-year period of limitations expired before the notices of final partnership administrative adjustment were issued to the limited partnerships, the notices were not timely.

We note that the Government has in several cases successfully invoked the doctrine of estoppel to prevent a taxpayer from repudiating a waiver of the statute of limitations on which the Government reasonably relied. See, e.g., *R. H. Stearns Co. v. United States,* 291 U.S. 54 (1934); *Lucas v. Hunt,* 45 F.2d 781 (5th Cir. 1930), revg. 15 B.T.A. 1388 (1929); *Benoit v. Commissioner,* 25 T.C. 656 (1955), vacated and remanded on other grounds 238 F.2d 485 (1st Cir. 1956); *Lloyd v. Commissioner,* 29 B.T.A. 74 (1933). Respondent did not argue at any time that petitioner is estopped from disclaiming the waivers of the statute of limitations, and estoppel must be affirmatively pleaded and proved. Rule 39; *Helvering v. Salvage,* 297 U.S. 106 (1936); *Carnegie Center Co. v. Commissioner,* 22 T.C. 1189 (1954); *Rosenzweig v. Commissioner,* T.C. Memo. 1955-67.

Even if we were to consider the estoppel argument, we would conclude that the doctrine does not apply to these facts. Respondent was notified of Bajan's bankruptcy and was, therefore, on notice of its lack of authority to execute a waiver of the statute of limitations. Respondent's reliance on the waiver executed by Bajan was thus not reasonable.[7]

---

(3) The partnership is *in no case* bound by any act of a partner after dissolution:

      \*        \*        \*        \*        \*        \*        \*

(b) where the partner has become bankrupt;\* \* \*
[Emphasis added.]

See also Uniform Partnership Act sec. 35 (3)(b).

[7]The situation might be otherwise had respondent not been aware of Bajan's bankruptcy. See, e.g., *Benoit v. Commissioner,* 25 T.C. 656 (1955), vacated and remanded on other grounds 238 F.2d 485 (1st Cir. 1956), where failure to report the dissolution of a corporation, as required by sec. 148(d) of the Internal Revenue Code of 1939, estopped the taxpayer from denying her authority as an officer of the corporation to execute a waiver of the statute of limitations after the corporation was no longer in existence.

Based on the foregoing, petitioner's motions for summary judgment will be granted.

> *Orders denying petitioner's motions to dismiss for lack of jurisdiction will be issued in each docket.*
>
> *Orders granting petitioner's motions for summary judgment will be issued in each docket.*