KRAMER DEVELOPMENT PROJECT NO. 2, OUIDA/PATRICIA CAPPS, R. J. MORRIS and HAZEL C. MORRIS, and ROBERT P. DAVIS and MARGARET J. DAVIS, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kramer Dev. Project No. 2 v. Commissioner
Docket No. 37778-87
United States Tax Court
T.C. Memo 1989-686; 1989 Tax Ct. Memo LEXIS 686; 58 T.C.M. (CCH) 1090; T.C.M. (RIA) 89686; December 28, 1989
Peter M. Eggleston and John M. Cogswell, for the petitioners. William P. Boulet, Jr., David Monson, John D. Steele, Jr., and Henry Thomas Schafer, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This matter is before the Court on petitioners' [1] Motion for Summary Judgment filed pursuant to Rule 121. [2] The sole issue for decision is whether it is appropriate to grant petitioners' motion for summary judgment on the grounds that the period for assessment had expired for the 1983 taxable year of Kramer Development Project No. 2 ("Kramer"). That, in turn, depends on whether consents to extend the statute of limitations signed by Energy Projects Limited (EPL) are valid. *688 Petitioners cite two state court decisions which hold that EPL had no authority as Kramer's general partner and, thus, they contend that the consents to extend the time to assess signed by EPL have no effect. We conclude that the state court cases are not binding as a matter of law upon respondent and that a genuine issue of material fact exists as to the relationship of EPL and the limited partners in the context of dealings with respondent. Accordingly, the motion for summary judgment will be denied. FINDINGS OF FACT Kramer Development Project No. 2 is a limited partnership formed under Nevada law in 1983. The tax treatment for Kramer's 1983 taxable year is determined at the partnership level under sections 6221 through 6233 as a "TEFRA partnership." Kramer timely filed its U.S. Partnership Return of Income, Form 1065, for its 1983 taxable year. An amendment to Kramer's certificate of limited partnership was filed on August 7, 1985, in the Recorder's Office of Clark County, Nevada, which changed Kramer's general partner from Harold G. Kramer to EPL. Respondent's revenue agent assigned to this case was informed of the change in general partners. EPL filed a U.S. Partnership *689 Return of Income, Form 1065, for Kramer's 1985 taxable year on April 15, 1986. EPL executed a Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, pertaining to Kramer's 1983 taxable year, extending the period of time for assessment to December 31, 1987. The Form 872-P was signed by respondent's agent on August 7, 1986. On April 6, 1987, EPL executed a Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, for Kramer's 1983 taxable year, consenting to an open-ended extension of the period of time for assessment. Shortly before executing the Form 872-O, EPL wrote to respondent to give notice that EPL was resigning as Kramer's general partner, and that one of EPL's last official acts on Kramer's behalf was to sign a special consent to extend the time to assess tax attributable to partnership items for Kramer's 1983 taxable year. On March 12, 1987, an oral decision was rendered in the case of Donald R. Ayres v. Energy Products Limited, Case No. 86-2-01530-2, in the King County Superior Court, State of Washington. The court found that EPL was never a validly elected general partner and that *690 there was no ratification or waiver on the part of the limited partners. On June 22, 1987, EPL executed a Form 872-N, Notice of Termination of Special Consent to extend the Time to Assess Tax Attributable to Items of a Partnership. Respondent issued a notice of final partnership administrative adjustment ("FPAA") to Kramer on September 1, 1987 for taxable year ending on December 31, 1983. On October 19, 1988, the Denver District Court, State of Colorado, entered a stipulated judgment in another case involving EPL. The stipulated judgment provided that EPL had not been properly elected as Kramer's general partner and had no authority to act on behalf of the partnerships. EPL was not required to pay any money damages. Dalton Development Project No. 1 v. Unioil, 87 CV 3706 (Colo. D. Ct., October 19, 1988). Petitioners attached four exhibits to their memorandum in support of their motion for summary judgment: (1) Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, signed by "G. W. Williams, Sec/Treas, Energy Projects, Ltd., GP" on April 6, 1987 with respect to Kramer's 1983 taxable year; (2) Form 872-P, Consent to Extend the *691 Time to Assess Tax Attributable to Items of a Partnership with respect to Kramer's 1983 taxable year; (3) Findings of Fact, Conclusions of Law and Judgment filed in District Court, City and County of Denver, State of Colorado, in the case of Dalton Development Project No. 1 v. Unioil, Case No. 87 CV 3706; and (4) Oral Decision, Verbatim Report of Proceedings before the Honorable Gerard M. Shellan, in the Superior Court of the State of Washington on March 12, 1987, in and for the County of King, in the case of Donald R. Ayres v. Energy Projects Limited, No. 86-2-01530-2. In opposition to petitioners' motion for summary judgment, respondent provided two declarations made under penalties of perjury and several exhibits attached to each declaration. One declaration was by the revenue agent who examined Kramer's partnership return for taxable year 1983. She stated that she had been informed that EPL had replaced Harold G. Kramer as Kramer's general partner. Attached as exhibits to her declaration were: (1) Kramer's partnership return for taxable year 1985 filed on April 15, 1986, by EPL; (2) a Form 872-P for Kramer's 1983 taxable year executed by EPL and signed on behalf of respondent *692 on August 7, 1986; (3) a letter received by the agent on April 6, 1987 from EPL stating that EPL was resigning as Kramer's general partner and that a last official act included EPL's execution of a special consent to extend time to assess for Kramer's 1983 taxable year; (4) Form 872-O executed on April 6, 1987, by EPL for Kramer's 1983 taxable year; (5) Form 872-N executed by EPL on June 22, 1987, providing notice of termination of the special consent pertaining to Kramer's 1983 taxable year; and (6) a copy of the FPAA that was issued pertaining to Kramer's 1983 taxable year. The other declaration included as exhibits: (1) the Certificate of Limited Partnership of Kramer Development Project No. 2, filed in the Clark County, Nevada Recorder's Office; and (2) an amendment to the Certificate of Limited Partnership of Kramer Development Project No. 2, recorded in the Recorder's Office of Clark County, Nevada, which names EPL as the general partner. At the hearing on this motion, counsel for respondent made an offer of proof that limited partners had relied upon and used the partnership returns prepared by EPL on behalf of Kramer. OPINION Section 6229(a) generally limits the assessment *693 of any tax attributable to a partnership item to 3 years after the later of the date on which the partnership return was filed, or the due date of the partnership return. The FPAA for Kramer's 1983 taxable year was issued by respondent more than 3 years after the partnership return was filed. The 3-year period for assessment may be extended for all partners by an agreement between the Secretary and the tax matters partner or "any other person authorized by the partnership in writing to enter into such an agreement." Sec. 6229(b)(1)(B). Respondent contends that EPL, on behalf of Kramer, signed valid consents agreeing to extend the period of limitations. Petitioners, on the other hand, relying upon two state court decisions to which respondent was not a party, argue that EPL did not have authority to act on their behalf. At the hearing on this motion, petitioners conceded that res judicata does not apply to respondent here because the government was not a party to those cases. Commissioner v. Estate of Bosch, 387 U.S. 456, 463 (1967). Rather, petitioners contend that the state court cases are "entitled to great weight," and that "the Tax Court should accord these *694 great deference and weight, and that, unless there is evidence presented to the contrary, the Tax Court should follow these pronouncements." Petitioners conceded, for purposes of this motion, the truth of respondent's allegations with respect to acts by EPL that: (1) an amendment to the certificate of limited partnership changed the general partner to EPL; (2) EPL provided respondent with a signed statement in which it represented that it was the partnership's tax matters partner; (3) EPL signed consents to extend time to assess on behalf of the partnership; (4) EPL filed a U.S. Partnership Return of Income on behalf of the partnership; (5) EPL sent respondent a letter stating that it was resigning as general partner and that one of its last official acts was the signing of a special consent to extend time to assess; (6) EPL sent respondent a signed open-ended special consent to extend time to assess; and (7) EPL executed a notice of termination of special consent to extend time to assess. Respondent argues that a genuine dispute exists as to material facts concerning the validity of the consents by EPL to extend the period of limitations for assessment of partnership items of *695 Kramer's 1983 taxable year. Respondent contends that EPL had actual or apparent authority to execute the consent waivers; or, alternatively, that petitioners are collaterally estopped from arguing that EPL lacked authority. A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Southern v. Commissioner, 87 T.C. 49, 50-51 (1986); Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Graf v. Commissioner, 80 T.C. 944, 946 (1983); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982); Shiosaki v. Commissioner, 61 T.C. 861, 863 (1974). Facts and inferences must be viewed in the light most favorable to the party opposing the motion. Adickes v. Kress & Co., supra398 U.S. at 157; *696 United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, supra at 416; Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). A return of the Kramer partnership under section 6031 was signed by EPL. Section 6063 provides: The return of a partnership made under section 6031 shall be signed by any one of the partners. The fact that a partner's name is signed on the return shall be prima facie evidence that such partner is authorized to sign the return on behalf of the partnership. Viewing the evidence and other information presented on the record most favorably to respondent, we cannot conclude as a matter of law that respondent is barred from assessment and collection because of the expiration of the period of limitations for Kramer's 1983 taxable year. Summary judgment in petitioners' favor is improper because there are genuine issues as to material facts. Petitioners cite Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989), which rejected the theory that respondent may rely upon a facially valid consent to extend time *697 to assess without more. However, in Barbados #7, not only did Bajan, the general sales partner, not have authority to execute consents, but also respondent was on notice that Bajan lacked authority to execute a waiver of the statute of limitations because Bajan had filed a petition in bankruptcy. Thus, respondent was not entitled to rely on a waiver executed by Bajan because such reliance was not reasonable. We noted that -- The situation might be otherwise had respondent not been aware of Bajan's bankruptcy. See, e.g., Benoit v. Commissioner, 25 T.C. 656 (1955), vacated and remanded on other grounds 238 F.2d 485 (1st Cir. 1956), where failure to report the dissolution of a corporation, as required by section 148(d) of the Internal Revenue Code of 1939, estopped the taxpayer from denying her authority as an officer of the corporation to execute a waiver of the statute of limitations after the corporation was no longer in existence. Barbados #7 Ltd. v. Commissioner, supra at 813 n.7. We do not believe that Barbados #7 entitles petitioners to summary judgment as a matter of law where there is *698 dispute about material facts. In light of the entire record, we conclude that summary judgment is not appropriate here. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. The following are participants in this action: R. J. Morris and Hazel C. Morris; Ouida Patricia Capps; Robert P. Davis and Margaret J. Davis; Jeffrey E. and Carol Presby; Wendall and Leona West;' Brian Smith; Pam Odle; Mike and Ruth Harris; James Coombes; Gary Smith; Glenn and Ruth Diers; Kenneth and Ardell Welder, Jr.; John C. and Joan L. Coombes; Marc Bruntz; Sara J. Welder Trust; Michael and Gail Merz; David Hansard; Warren and Joyce Lashua; Lloyd and Joan Mason; Alice Evans; John and Ann Blasko; Ayako Viles; Gust and Kay Doces; and John and Carol Viger. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue.↩