DALTON DEVELOPMENT PROJECT NO. 1, DONALD G. PRIOR and LOIS A. PRIOR, LAVERNE W. ROTH and LUCILLE M. ROTH, ROGER W. LINDNER and CAROLE A. LINDNER, JOSE A. FERREIRA and INES R. FERREIRA, ESTHER S. MORGAN, RHODE C. RAMIREZ, ROBERT P. DAVIS and MARGARET J. DAVIS, and ROBERT MIDDLETON, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dalton Dev. Project No. 1 v. Commissioner
Docket No. 37777-87
United States Tax Court
T.C. Memo 1990-47; 1990 Tax Ct. Memo LEXIS 53; 58 T.C.M. (CCH) 1311; T.C.M. (RIA) 90047; January 29, 1990
Peter M. Eggleston and John M. Cogswell, for the petitioners. William P. Boulet, Jr., David Monson, and Patrick W. Lucas, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This matter is before the Court on petitioners' [1] Motion for Summary Judgment filed pursuant to Rule 121. [2] The sole issue for decision is whether it is appropriate to grant petitioners' motion for summary judgment on the grounds that the period for assessment had expired for the 1982 taxable year of Dalton Development Project No. 1 ("Dalton"). That, in turn, depends on whether consents to extend the statute of limitations signed by Energy Projects Limited (EPL) are valid. *55 Petitioners cite two state court decisions which hold that EPL had no authority as Dalton's general partner and, thus, they contend that the consents to extend the time to assess signed by EPL have no effect. We conclude that the state court cases are not binding as a matter of law upon respondent and that a genuine issue of material fact exists as to the relationship of EPL and the limited partners in the context of dealings with respondent. Accordingly, the motion for summary judgment will be denied. FINDINGS OF FACT Dalton Development Project No. 1 is a limited partnership formed under Nevada law in 1982. Dalton timely filed its U.S. Partnership Return of Income, Form 1065, for its 1982 tax year. EPL provided respondent with a signed statement representing that EPL was Dalton's tax matters partner for taxable year 1982. An amendment to Dalton's certificate of limited partnership was filed on August 7, 1985, in the Recorder's Office of Clark County, Nevada, which changed Dalton's general partner from Killian C. Dalton to EPL. On October 1, 1985, EPL executed Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, pertaining to Dalton's *56 1982 taxable year and extending the period for timely assessment to December 31, 1986. On February 23, 1986, Killian Dalton, an individual, signed a separate Form 872-P extending the period for timely assessment of Dalton's 1982 partnership items to December 31, 1986. EPL filed a U.S. Partnership Return of Income, Form 1065, for Dalton's 1985 taxable year on April 15, 1986. On or about August 7, 1986, EPL executed a Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, pertaining to Dalton's 1982 and 1983 taxable years, extending the period of time for assessment to December 31, 1987. On April 6, 1987, EPL wrote to respondent to give notice that EPL was resigning as Dalton's general partner, and that one of EPL's last official acts on Dalton's behalf was to sign a special consent to extend the time to assess tax attributable to partnership items for Dalton's 1982 and 1983 taxable years. On April 6, 1987, EPL executed a Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, for Dalton's 1982 and 1983 taxable years, consenting to an open-ended extension of the period of time for assessment. *57 On June 22, 1987, EPL executed a Form 872-N, Notice of Termination of Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, for Dalton's 1982 and 1983 taxable years. Respondent determined Dalton's tax treatment for the taxable year ending December 31, 1982, at the partnership level under sections 6221 through 6232 as a "TEFRA partnership." Respondent issued a notice of final partnership administrative adjustment ("FPAA") to Dalton on September 1, 1987. There were two state court cases involving EPL's capacity as a general partner. Respondent was not a party to these cases. On March 12, 1987, an oral decision was rendered in the case of Donald R. Ayres v. Energy Products Limited, Case No. 86-2-01530-2, in the King County Superior Court, State of Washington. The court found that EPL was never a validly elected general partner and that there was no ratification or waiver on the part of the limited partners. On October 19, 1988, the Denver District Court, State of Colorado, entered a stipulated judgment in another case involving EPL. The stipulated judgment provided that EPL had not been properly elected as Dalton's general partner and *58 had no authority to act on behalf of the partnerships. EPL was not required to pay any money damages Dalton Development Project No. 1 v. Unioil, 87 CV 3706 (Colo. D. Ct., October 19, 1988). Petitioners attached two exhibits to their memorandum in support of their motion for summary judgment: (1) Findings of Fact, Conclusions of Law and Judgment filed in District Court, City and County of Denver, State of Colorado, in the case of Dalton Development Project v. Unioil, Case No. 87 CV 3706; and (2) Oral Decision, Verbatim Report of Proceedings before the Honorable Gerard M. Shellan, in the Superior Court of the State of Washington on March 12, 1987, in and for the County of King, in the case of Donald R. Ayres v. Energy Projects Limited, No. 86-2-01530-2. In opposition to petitioners' motion for summary judgment, respondent provided a declaration made under penalties of perjury with several exhibits attached. The declaration was by the revenue agent who examined Dalton's partnership return for taxable year 1982. The agent stated that she had been informed that EPL had replaced Killian C. Dalton as Dalton's general partner. Attached as exhibits to her declaration were: *59 (1) a statement signed by Allen Stout, EPL's secretary/treasurer in which EPL represented to respondent that EPL was the tax matters partner for Dalton for taxable year 1982; (2) a Form 872-P for Dalton's 1982 taxable year executed on October 1, 1985, by EPL's secretary/treasurer, Allen Stout, and extending the time for assessment to December 31, 1986; (3) copy of the Certificate of Limited Partnership of Dalton Development No. 1 signed "Killian C. Dalton by Allen C. Stout"; (4) a copy of an Amendment to Certificate of Limited Partnership of Dalton Development Project #1 dated January 4, 1985, and signed "Energy Projects Ltd., General Partner, by Steven D. Barnard, President" in which EPL replaces Killian C. Dalton as general partner; (5) a Form 872-P for Dalton's 1982 and 1983 taxable years executed by EPL extending the time for assessment to December 31, 1987; (6) a letter from EPL stating that it has resigned and that one of its last official acts on Dalton's behalf was to sign a special consent to extend the time to assess tax attributable to partnership items of Dalton's 1982 taxable year; (7) a Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items *60 of a Partnership executed by EPL with respect to Dalton's 1982 and 1983 taxable years; (8) a copy of Form 872-N, Notice of Termination of Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership executed by EPL with respect to Dalton's 1982 and 1983 taxable years; (9) copies of duplicate original FPAAs issued to Dalton's tax matters partner on September 1, 1987. At the hearing on this motion counsel for respondent made an offer of proof that limited partners did rely upon and use the partnership returns prepared by EPL on behalf of Dalton. OPINION Section 6229(a) generally limits the assessment of any tax attributable to a partnership item to 3 years after the later of the date on which the partnership return was filed, or the due date of the partnership return. The FPAA for Dalton's 1982 taxable year was issued by respondent more than 3 years after the partnership return was filed. The 3-year period for assessment may be extended for all partners by an agreement between the Secretary and the tax matters partner or "any other person authorized by the partnership in writing to enter into such an agreement." Sec. 6229(b)(1)(B). Respondent contends *61 that EPL, on behalf of Dalton, signed valid consents agreeing to extend the period of limitations. Petitioners, on the other hand, relying upon two state court decisions to which respondent was not a party, argue that EPL did not have authority to act on their behalf. At the hearing on this motion, petitioners conceded that res judicata does not apply to respondent here because the government was not a party to those cases. Commissioner v. Estate of Bosch, 387 U.S. 456 (1967). Rather, petitioners contend that the state court cases are "entitled to great weight," and that "the Tax Court should accord these great deference and weight, and that, unless there is evidence presented to the contrary, the Tax Court should follow these pronouncements." Petitioners also conceded, for purposes of this motion, the truth of respondent's allegations with respect to acts by EPL that: (1) an amendment to certificate of limited partnership changed the general partner from Killian C. Dalton to EPL; (2) EPL provided respondent with a signed statement in which it represented that it was the Dalton's tax matters partner; (3) EPL signed consents to extend time to assess on Dalton's *62 behalf; (4) EPL filed a U.S. Partnership Return of Income on behalf of Dalton; (5) EPL sent respondent a letter stating that it was resigning as Dalton's general partner and that one of its last official acts would be to sign a special consent to extend time to assess; (6) EPL sent respondent on Dalton's behalf a signed open-ended special consent to extend time to assess; and (7) EPL executed a notice of termination of special consent to extend time to assess on Dalton's behalf. Respondent argues that a genuine dispute exists as to material facts concerning the validity of the consents by EPL to extend the period of limitations for assessment of Dalton's 1982 taxable year. Respondent contends that EPL had actual or apparent authority to execute the consent waivers; or, alternatively, that petitioners are collaterally estopped from arguing that EPL lacked authority. A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. *63 Southern v. Commissioner, 87 T.C. 49, 51-52 (1986); Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Graf v. Commissioner, 80 T.C. 944, 946 (1983); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982); Shiosaki v. Commissioner, 61 T.C. 861, 863 (1974). Facts and inferences must be viewed in the light most favorable to the party opposing the motion. Adickes v. Kress & Co., 398 U.S. at 157; United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, supra at 416; Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). A return of the Dalton partnership under section 6031 was signed by EPL. Section 6063 provides: The return of a partnership made under section 6031 shall be signed by any one of the partners. The fact that a partner's name is signed on the return shall be prima facie *64 evidence that such partner is authorized to sign the return on behalf of the partnership. Viewing the record most favorably to respondent, we cannot conclude as a matter of law that respondent is barred from assessment and collection because of the expiration of the period of limitations for Dalton's 1982 taxable year. Summary judgment in petitioners' favor is improper because there are genuine issues as to material facts. See Kramer Development Project No. 2 v. Commissioner, T.C. Memo. 1989-686. Petitioners cite Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989), which rejected the theory that respondent may rely upon a facially valid consent to extend time to assess without more. However, in Barbados #7, not only did Bajan, the general partner, not have authority to execute consents, but also respondent was on notice that Bajan lacked authority to execute a waiver of the statute of limitations because Bajan had filed a petition in bankruptcy. Thus, respondent was not entitled to rely on a waiver executed by Bajan because such reliance was not reasonable. We noted that -- The situation might be otherwise had respondent not been aware *65 of Bajan's bankruptcy. See, e.g., Benoit v. Commissioner, 25 T.C. 656 (1955), vacated and remanded on other grounds 238 F.2d 485 (1st Cir. 1956), where failure to report the dissolution of a corporation, as required by section 148(d) of the Internal Revenue Code of 1939, estopped the taxpayer from denying her authority as an officer of the corporation to execute a waiver of the statute of limitations after the corporation was no longer in existence. Barbados # 7 Ltd. v. Commissioner, supra at 813 n.7. We do not believe that Barbados #7 entitles petitioners to summary judgment as a matter of law where there is dispute about material facts. In light of the entire record, we conclude that summary judgment is not appropriate here. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. The following are participants in this action: Claudia J. Middleton; Timothy M. and Janet D. Davis; Rodman K. and Mildred M. Cross; Robert W. and Veronica M. Fuller; and Wayne and Harriet U. Hooper. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue.↩