T.C. Memo. 2001-13

UNITED STATES TAX COURT

GARY F. AND HELEN OVERSTREET, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2659-00.                    Filed January 22, 2001.

Gary F. Overstreet and Helen Overstreet, pro sese.

Robert H. Schorman, Jr., for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  By notice dated January 6, 2000, respondent
determined a deficiency of $47,582 relating to petitioners' 1992
Federal income taxes.  All section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

The sole issue for determination is whether respondent issued the notice of deficiency within the limitations period.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. When the petition was filed, petitioners resided in Los Angeles, California.

In 1987, Mr. Overstreet's law partnership, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson and Casey (Finley, Kumble), ceased operation and dissolved. On February 24, 1988, several of Finley, Kumble's creditor banks filed an involuntary bankruptcy petition on behalf of Finley, Kumble, pursuant to chapter 7 of the Bankruptcy Code, which the bankruptcy court, on March 4, 1988, converted to a chapter 11 bankruptcy proceeding. In 1992, some of Finley, Kumble's debts were discharged in the bankruptcy proceeding.

Finley, Kumble's original 1992 Form 1065, U.S. Partnership Return of Income, filed on September 21, 1993, identified 280 general partners, including Mr. Overstreet and Marshall Manley. Mr. Manley had the largest profit interest of any partner (i.e., 5.6075 percent). Mr. Overstreet's profit interest was 0.1680 percent.

On September 15, 1994, respondent began an examination of Finley, Kumble's 1992 partnership return. Because Finley, Kumble did not designate a tax matters partner (TMP), respondent

identified Mr. Manley as the TMP.  On June 20, 1996, and on May 29, 1997, Mr. Manley executed a Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, relating to Finley, Kumble's 1992 taxable year.  The June 20, 1996, form extended the time for assessment from September 21, 1996, to December 31, 1997, while the May 29, 1997, form extended the assessment time to December 31, 1998.

On August 10, 1998, respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) relating to cancellation of debt income received by Finley, Kumble in 1992. Neither Mr. Manley, nor any of the notice partners, filed a petition challenging the FPAA.  Mr. Overstreet did not receive notice of the partnership examination, the FPAA, or Mr. Manley's appointment as the TMP.  On January 6, 2000, respondent issued and sent, by certified mail, an affected items notice of deficiency to petitioners, relating to Finley, Kumble's cancellation of indebtedness income.

## Discussion

Petitioners contend that the limitations period for issuance of the FPAA was not properly extended, and, therefore, the notice of deficiency was time-barred.  Respondent contends the Court does not have jurisdiction over whether the issuance of the FPAA was timely because this case is not a partnership proceeding.  We agree with respondent.

In a unified partnership proceeding, pursuant to sections 6221 through 6231, partnership items are treated separately from a partner's deficiency proceedings involving nonpartnership items. Generally, respondent is required to give partners notice of the beginning of a partnership proceeding and the FPAA resulting from such proceeding. See sec. 6223(a). Respondent was not, however, required to provide such notice to Mr. Overstreet because he had less than a 1-percent interest in the profits of Finley, Kumble, a partnership with more than 100 partners. See sec. 6223(b). Further, the TMP's failure to notify Mr. Overstreet of the partnership proceeding does not affect the applicability of the partnership proceeding or the FPAA to Mr. Overstreet. See sec. 6230(f).

This Court does not have jurisdiction to determine partnership items in a partner level proceeding. See secs. 6221, 6226; Brookes v. Commissioner, 108 T.C. 1, 6 (1997). The expiration of the period of limitations for issuance of the FPAA is an affirmative defense that must be raised in a partnership level proceeding. See Crowell v. Commissioner, 102 T.C. 683, 693 (1994); Genesis Oil & Gas Ltd. v. Commissioner, 93 T.C. 562, 565 (1989).

Petitioners, citing Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989), as authority, contend that they are, nonetheless, entitled to contest the timeliness of the FPAA

because the extension of time to issue it was granted by an ineligible TMP. We disagree. While the Court in Barbados #7 Ltd. determined that the FPAA was invalid because the extension of time for issuance was signed by an ineligible TMP, Barbados #7 Ltd. was a partnership, rather than partner level, proceeding.

Petitioners also contend that, even if Mr. Manley properly extended the period of limitations for issuance of the FPAA, the notice of deficiency was not mailed to them in a timely manner. Section 6229(d) tolls the period of limitations, extending the time for respondent to issue the notice of deficiency until 1 year and 150 days after the issuance of the FPAA. The limitations period therefore expired on January 7, 2000. Petitioners contend that the postmark on respondent's certified mail list shows that the notice of deficiency was not sent until January 8, 2000. This contention is meritless. The parties stipulated that the notice of deficiency was sent January 6, 2000. Petitioners did not dispute respondent's determination that petitioners owed tax relating to their share of the partnership cancellation of indebtedness income. Accordingly, respondent's determination is sustained.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.